[No. C025573. Third Dist. Apr. 10, 1998.]

J.A.T. ENTERTAINMENT, INC., Plaintiff and Respondent, v.
DONALD L. REED, Defendant and Appellant.

## Counsel

McInerney & Dillon, Michael E. London and Jewell J. Hargleroad for Defendant and Appellant.

Lori J. Gualco for Plaintiff and Respondent.

## Opinion

**DAVIS, J.**—After commencement of trial in this case, the court granted plaintiff J.A.T. Entertainment, Inc.'s motion pursuant to Code of Civil Procedure section 581, subdivision (e), to dismiss without prejudice its complaint against Donald L. Reed.[1] The court thereafter denied Reed's motion to set aside the dismissal.

Reed contends that the trial court erred in refusing to grant relief under the "mandatory provisions" of section 473, subdivision (b), and abused its discretion in denying him relief under that section's "discretionary" provisions. For reasons we shall explain, Reed's first contention has merit. We shall reverse the dismissal without prejudice and remand for further proceedings.

### Facts and Procedural Background

The underlying dispute, the details of which are not material to this appeal, involves the purchase and sale of a video business in Turlock known as "Mr. Video." For the purposes of this analysis, we need only recite that in one of the resulting actions, J.A.T. Enterprises, Inc. (J.A.T.) sued D.L.R., Inc., and Reed for breach of contract based on a $70,000 promissory note executed by D.L.R., Inc. J.A.T. alleged in its third cause of action that Reed was personally liable for the debt on the ground that D.L.R., Inc., is his alter ego.

Jury trial commenced. At the parties' jury instruction conference, J.A.T. urged the court to instruct the jury with its "proposed instruction No. 29,"

---

[1] All further undesignated statutory references are to this code.

which instructed the jury that it may disregard the corporate entity of D.L.R., Inc., and impose liability upon Reed if certain criteria are met. Although this discussion was not on the record, the parties agree that the trial court indicated its intention to refuse J.A.T.'s proposed instruction No. 29.

At some point thereafter, the court announced it was going back on the record and the following colloquy ensued:

"THE COURT: We'll resume on the record. Mr. London [counsel for D.L.R., Inc., and Reed], Ms. Gualco [counsel for J.A.T.] and Mr. Theep [president of J.A.T.] is [*sic*] present.

"Anyway, we have completed our jury instructions and prepared jury forms, and I made some decisions on the record and off the record regarding those.

"And counsel have requested and I have no problem with them stating now their objections on the record and on the matters. And I realize that we did a lot of them, so we may forget some.

"So let's do our best to go back and recall them starting in whatever order you wish.

"Ms. Gualco, you can start, if you remember.

"Ms. GUALCO: Yes, I'm trying, I hope I do.

"Okay. The first one I wanted to put on the record, your Honor, was Number—Number 29, I think that's the alter ego one. And what Plaintiff, J.A.T. Entertainment would request at this time is that it be allowed to dismiss the alter ego allegations without prejudice against Donald Reed.

"THE COURT: Okay, that's granted.

"Ms. GUALCO: Thank you, your Honor.

"THE COURT: I assume there's no objection?

"MR. LONDON: Um—

"THE COURT: She's not claiming alter ego.

"MR. LONDON: Thank you, your Honor.

"THE COURT: I had previously denied instruction on the grounds there wasn't sufficient evidence in the P.G.E. bills and medical care.

"Ms. GUALCO: Thank you, your Honor."

Within a week, the jury rendered its verdict in favor of J.A.T. and against D.L.R., Inc., and J.A.T. filed a form request for dismissal without prejudice of its third cause of action for alter ego liability against Reed. The dismissal was entered as requested.

When Reed's counsel, Attorney London, received a service copy of the dismissal without prejudice, he moved to vacate it and asked the court to enter instead a directed verdict of dismissal with prejudice of J.A.T.'s claim against Reed, on the ground that the trial court had determined during the October 10 conference that there was insufficient evidence to support J.A.T.'s requested instructions to the jury regarding its claim that D.L.R., Inc., was Reed's alter ego. (§ 630, subd. (f).)[2]

J.A.T. opposed the motion (among other grounds) with a transcript of the October 10 proceedings and argued it relied on Attorney London's consent to J.A.T.'s dismissal of Reed without prejudice, pursuant to section 581, subdivision (e).[3]

In reply, Attorney London submitted a declaration denying he had consented on behalf of Reed to J.A.T.'s dismissal of its claim against him

[2]Section 630, subdivision (f), provides: "When the jury for any reason has been discharged without having rendered a verdict, the court on its own motion or upon motion of a party, notice of which was given within 10 days after discharge of the jury, may order judgment to be entered in favor of a party whenever a motion for directed verdict for that party should have been granted had a previous motion been made. Except as otherwise provided in Section 12a, the power of the court to act under the provisions of this section shall expire 30 days after the day upon which the jury was discharged, and if judgment has not been ordered within that time the effect shall be the denial of any motion for judgment without further order of the court."

[3]Section 581, subdivision (e), provides: "After the actual commencement of trial, the court shall dismiss the complaint, or any causes of action asserted in it, in its entirety or as to any defendants, with prejudice, if the plaintiff requests a dismissal, unless all affected parties to the trial consent to dismissal without prejudice or by order of the court dismissing the same without prejudice on a showing of good cause."

without prejudice. London averred that "[a]t no time did I agree, or stipulate that JAT/Theep could dismiss the third cause of action ['Alter Ego' against Reed] without prejudice. I have reviewed the partial transcript provided by Ms. Gualco as an attachment to her opposition. My best independent recollection of the events and the comments transcribed, are that I was in the process of preparing my own objections regarding the jury instructions during Ms. Gualco's comments. I was not focused on Ms. Gualco's comments until the point when the Court addressed me directly regarding the alter ego cause of action, and then I only understood that Ms. Gualco was withdrawing her requested instruction number 29. My understanding was based on the Court's prior denial of the requested instruction, and the Court's comment that alter ego was no longer being claimed by JAT/Theep. I did not understand that Ms. Gualco, on behalf of JAT/Theep, was seeking a request for dismissal without prejudice following a trial on the merits. Had I realized that at the time, I would have strongly objected to that request due to the fact that the issue had already been tried on the merits."

In fact, Attorney London explained, "[t]he first time I realized that Ms. Gualco was seeking the dismissal of the Third Cause of Action without prejudice was when I received the Request for Dismissal. At that time, I promptly acted on my understanding of the events, and recollection that no stipulation had been reached, by filing the motion under CCP section 630(f)."

The trial court denied Reed's motion for a directed verdict. At the hearing, the trial court stated that although it did not "disagree" with Attorney London's "interpretation at the moment, what you intended . . . the record has to control as to what actually happened," and the record reflects no objection to J.A.T.'s motion to dismiss Reed without prejudice. In its written order, the trial court stated it had denied Reed's motion on the ground that "on October 10, 1996, prior to the entry of judgment the Court granted the motion by plaintiff J.A.T. Entertainment, Inc. to dismiss Donald L. Reed without prejudice and no objection was made by defendant and this constituted consent by defendant."

Reed then sought relief from the dismissal without prejudice by J.A.T. pursuant to section 473. His attorney, London, submitted a declaration in support of the motion stating that he "did not hear J.A.T.'s specific motion" to dismiss its alter ego claim against Reed without prejudice because he "was focused on preparing his own statements concerning the jury instructions for the record." He continued: "in my mind no objection was necessary or warranted under the circumstances and the absence of an objection was

not intended to consent to a dismissal without prejudice because I never heard J.A.T's motion as made by its counsel at R.T. 1:21-27 seeking a dismissal without prejudice. Moreover, once the Court brought the motion to my attention, all I heard was that the motion was about that 'she's not claiming alter ego.' Given the Court's ruling rejecting J.A.T's proposed instruction on alter ego, such a statement seemed logical and that was the end of the matter."

The trial court denied Reed's motion under section 473, ruling that "Mr. London's inattention and failure to understand the significance of the motion made October 10, 1996, does not constitute excusable neglect nor the type of mistake or inadvertence for which relief may be granted," citing *Elms* v. *Elms* (1946) 72 Cal.App.2d 508 [164 P.2d 936]. This appeal followed.

## DISCUSSION

■ Section 473, subdivision (b), permits a party or the party's legal representative to be relieved from the consequences of a dismissal entered as a result of mistake, inadvertence, surprise, or neglect. Two aspects of subdivision (b) achieve this end. First, it provides for discretionary relief, in that it states the "court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." A party seeking such relief must show "mistake, inadvertence, surprise, or excusable neglect,·' and it is within the trial court's discretion to grant relief under this provision. (See *Lorenz* v. *Commercial Acceptance Ins. Co.* (1995) 40 Cal.App.4th 981, 989 [47 Cal.Rptr.2d 362].)

■ Subdivision (b) of section 473 also includes an "attorney affidavit" provision. It states in pertinent part: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is [timely], is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise or neglect, vacate any . . . (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." Whenever relief is granted based on an attorney's affidavit of fault, the court shall "direct the attorney to pay reasonable compensatory·legal fees and costs to opposing counsel or parties," in addition to whatever additional fees are authorized by subdivision (c), of this section.

Under this provision, then, a party is relieved from the consequences of his or her attorney's mistake, inadvertence, surprise, or neglect, and relief is available regardless of whether the attorney's neglect is excusable. (*Lorenz v. Commerical Acceptance Ins. Co.*, *supra*, 40 Cal.App.4th at p. 989; *Metropolitan Service Corp.* v. *Casa de Palms, Ltd.* (1995) 31 Cal.App.4th 1481, 1487 [37 Cal.Rptr.2d 575].) If the requirements of this provision are met, then relief is mandatory, and the mandatory provisions of section 473 may be used by counsel to seek relief from failure to oppose a motion to dismiss. (See *Peltier* v. *McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1824 [41 Cal.Rptr.2d 182]; *Graham* v. *Beers* (1994) 30 Cal.App.4th 1656, 1661 [36 Cal.Rptr.2d 765].)

 ██ ██ Reed contends the attorney affidavit provision of section 473, subdivision (b), required the trial court to grant relief based on Attorney London's declaration that he was so distracted by the chore of preparing his own remarks for the record that he failed to hear J.A.T. move to dismiss without prejudice its alter ego claim against Reed.[4]

 We agree that Reed's moving papers—which relied exclusively on his attorney's declaration—contained all that was required to show his entitlement to mandatory relief. There is no question that the application was timely, in the proper form, and accompanied by an attorney's sworn statement of fault. Moreover, the trial court made no finding that the resulting dismissal was "not in fact caused by the Attorney's mistake, inadvertence, surprise or neglect." To the contrary, the trial court stated unequivocally that it attributed the dismissal to Attorney London's inattention and failure to understand the significance of the motion, but concluded his neglect was not "excusable." This is not a valid ground for denying relief under the attorney affidavit provisions of section 473. (*Metropolitan Service Corp.* v. *Casa de Palms, Ltd.*, *supra*, 31 Cal.App.4th at pp. 1487-1488.)

However, relief from a dismissal under the mandatory provisions of section 473, subdivision (b), is limited to a dismissal entered "against" a client.[5] Resolution of this appeal thus turns on whether the dismissal of Reed from the lawsuit pursuant to section 581, subdivision (e), was "against" his

---

[4]That Reed's memorandum of points and authorities refers generally to the discretionary provisions of section 473 does not constitute a waiver of his right to assert on appeal that the court should have granted relief under the mandatory provisions of that section. (See *Metropolitan Service Corp.* v. *Casa de Palms, Ltd.*, *supra*, 31 Cal.App.4th at p. 1488.)

[5]Section 473, subdivision (b), provides in pertinent part: "(b) . . . Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect,

interest so as to entitle him to relief under section 473, subdivision (b). We conclude it was.

Ordinarily, a dismissal is entered "against" the party whose claim is compromised by a dismissal; in virtually all cases, this is the plaintiff. As we recently explained, the State Bar, which sponsored the amendment adding "dismissal" to section 473, argued in support of the amendment that " ' "it is illogical and arbitrary to allow mandatory relief for defendants when a default judgment has been entered . . . and not to provide comparable relief to plaintiffs whose cases are dismissed for the same reason." ' " (*Huens* v. *Tatum* (1997) 52 Cal.App.4th 259, 263 [60 Cal.Rptr.2d 438], citing *Peltier* v. *McCloud River R.R. Co.*, *supra*, 34 Cal.App.4th 1809, 1820.) J.A.T. argues that the mandatory provisions of section 473 thus "appl[y] only to a <u>plaintiff</u> whose action is dismissed by mistake, not a defendant" (emphasis in original). We are unpersuaded. As Reed correctly notes, the mandatory provision of section 473 makes no express reference to "plaintiff" or "defendant," in the context of dismissals, but refers instead to a "party" and the "attorney" of a party.

More to the point, section 581, subdivision (e), evinces the detrimental character of a dismissal without prejudice entered without the consent of an affected party; here defendant Reed. The statute authorizes such a dismissal after trial has commenced only when ". . . all affected parties to the trial consent to dismissal without prejudice or by order of the court dismissing the same without prejudice on a showing of good cause."

Moreover, here the procedural posture in which the parties found themselves at the close of trial when the motion was made establishes that the dismissal without prejudice was in fact "against" Reed so as to justify granting him relief under the attorney affidavit provisions of section 473. The dismissal was certainly not "against" J.A.T., as the inadvertent failure of Reed's counsel to object to the entry of a dismissal without prejudice inured wholly to the benefit of J.A.T., which was thereby relieved of the duty under section 581, subdivision (e), to demonstrate good cause for its request to dismiss Reed without prejudice. J.A.T. thus escaped the effect of the court's

vacate any . . . (2) resulting default judgment or *dismissal entered against his or her client,* unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect. The court shall, whenever relief is granted based on an attorney's affidavit of fault, direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties. However, this section shall not lengthen the time within which an action shall be brought to trial pursuant to Section 583.310." (Italics added.)

apparent conclusion that J.A.T. had produced insufficient evidence of alter ego to warrant instructing the jury. The dismissal without prejudice in no way compromised J.A.T.'s claim against Reed. Rather, it preserved for J.A.T. a "second bite at the apple": the right to require Reed to defend allegations of alter ego again at a second trial.

The disadvantage of the dismissal without prejudice was wholly Reed's. By neglecting to devote his full attention to the proceedings, London deprived Reed of the opportunity to put J.A.T. to the test of establishing good cause for the dismissal it sought. The limited record before us suggests that, had J.A.T. been required to demonstrate good cause to avoid a dismissal without prejudice, it might well have failed, justifying an entry of a dismissal with prejudice of its claim against Reed (§ 581, subd. (e).) This is the type of injury resulting from attorney error for which section 473 affords relief. "The purpose of the statute was to alleviate the hardship on parties who *lose their day in court* due solely to an inexcusable failure to act on the part of their attorneys." (*Huens* v. *Tatum, supra,* 52 Cal.App.4th at p. 264, italics in original; accord, *Avila* v. *Chua* (1997) 57 Cal.App.4th 860, 867 [67 Cal.Rptr.2d 373].)

Having concluded that Reed otherwise qualifies for relief under the attorney affidavit provisions of section 473, we reviewed the various exceptions to the application of those provisions, created through judicial construction to prevent the attorney affidavit provisions of section 473 from being used as a "perfect escape hatch," and find none to apply here. Because the failure of Reed's counsel to object to the dismissal was inadvertent and/or mistaken, his consent to the dismissal was not "voluntary" so as to justify denying otherwise deserved relief under those provisions (*Huens* v. *Tatum, supra,* 52 Cal.App.4th at p. 264); nor has Reed attempted to invoke section 473 after a decision on the merits of J.A.T.'s motion to dismiss has been rendered. (Cf. *Lorenz* v. *Commerical Acceptance Ins. Co., supra,* 40 Cal.App.4th at p. 990.) To grant the relief Reed requests would neither circumvent the statute of limitations (*Castro* v. *Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927, 933 [55 Cal.Rptr.2d 193]) nor policies intended to promote the prompt litigation of disputes. (*Bernasconi Commercial Real Estate* v. *St. Joseph's Regional Healthcare System* (1997) 57 Cal.App.4th 1078, 1081 [67 Cal.Rptr.2d 475].)

Since we find that the attorney affidavit provisions of section 473 which mandate relief apply, we need not consider Reed's arguments that the trial court abused its discretion in finding his counsel's mistake was inexcusable. (*Avila* v. *Chua, supra,* 57 Cal.App.4th at pp. 868-869.)

## DISPOSITION

The dismissal without prejudice entered on October 16, 1996, and the order denying relief from the dismissal are reversed. On remand, the trial court is directed to impose reasonable compensatory legal fees and costs as required by the mandatory provisions of section 473, to consider in its discretion whether other relief authorized by section 473 should be granted, and for other proceedings consistent with this opinion. Costs to appellant.

Puglia, P. J., and Morrison, J., concurred.