[No. C028694. Third Dist. July 11, 2001.]

STATE FARM FIRE & CASUALTY COMPANY, Plaintiff and Respondent, v.
GARY P. PIETAK, Defendant and Appellant.

COUNSEL

James Ireijo for Defendant and Appellant.

Rudloff Wood & Barrows, Douglas K. Wood, Lynn S. Samuels and Kathleen M. Rogers for Plaintiff and Respondent.

OPINION

**HULL, J.**—Defendant Gary P. Pietak appeals from a trial court ruling denying his motion under Code of Civil Procedure section 473[1] to "reopen" an interpleader action dismissed by plaintiff State Farm Fire & Casualty Company (State Farm) so that he may file a cross-complaint against State Farm.

In a published opinion issued on February 22, 1999, this court reversed, concluding the trial court abused its discretion in denying the requested relief. (*State Farm Fire & Casualty Company v. Pietak* (Feb. 22, 1999, C028694).) State Farm filed a petition for rehearing, arguing, among other things, that we decided the case on an issue not briefed by the parties and we failed to address other dispositive issues. State Farm also took issue with our conclusion that the trial court abused its discretion. We granted State Farm's petition.

Having reconsidered the matter, we again conclude the trial court abused its discretion in denying defendant's motion to reopen the proceedings. We reverse.

FACTS AND PROCEDURAL HISTORY

In 1994, Pietak purchased a homeowners insurance policy (the policy) from State Farm protecting his house and property located in Garden Valley. Bank of America, the mortgage holder, was identified by Pietak on the insurance policy as an additional insured.

Pietak's house was destroyed in a fire on August 7, 1994. He made a claim to State Farm for the benefits of the policy. Following investigations

---

[1]Further undesignated section references are to the Code of Civil Procedure.

by local fire authorities and fire investigators retained by State Farm, both of whom concluded the fire had been intentionally set, State Farm declared Pietak's policy void and denied his claim.

After the fire, Pietak stopped making payments on his mortgage; Bank of America foreclosed and acquired title to the property at the trustee's sale. Thereafter, Bank of America made its own claim to State Farm for the policy proceeds, in the amount of $90,696.56.

Pietak initiated an action against State Farm for breach of the express terms of the policy, and breach of the implied covenant of good faith and fair dealing (*Pietak v. State Farm Fire & Casualty Co.* (Super. Ct. El Dorado County, No. PV-001353).) In September 1996, shortly before the date scheduled for trial, Pietak dismissed his complaint without prejudice.

In December 1996, State Farm filed the instant complaint in interpleader (the interpleader), and simultaneously deposited with the clerk of the court the sum of $90,696.56. It named as defendants Pietak, Bank of America, and several attorneys who had represented Pietak, each of whom claimed an interest in the policy's benefits. State Farm alleged that, in part, because Pietak had refused to abandon or release his claim against the policy in favor of Bank of America, it "is unable to determine which of the defendants' respective claims is valid or to whom this $90,696.56 should be paid without risking double or multiple liability." The interpleader also set forth in detail the facts on which State Farm contends it relied in its decision to deny Pietak's claim to the policy proceeds, including factual bases for State Farm's conclusions that Pietak intentionally set fire to his own home, breached the "Concealment or Fraud" condition of the policy, and failed after the fire to provide State Farm with information required by the policy.

Pietak filed an answer to the interpleader in August 1997, asserting he is entitled to a "set-off against other monies" owed to him by State Farm, and purporting by way of affirmative defense to give "notice to Plaintiff and to the Court that a lawsuit will be filed in U.S. District Court for the Eastern District in Sacramento for breach of insurance contract referred to above and for other causes of action shortly, a file copy of said pleading will be promptly filed with this Court."

Pietak then filed an action in the United States District Court for the Eastern District of California against State Farm (the federal action), alleging that State Farm (1) breached its obligations under the policy, including

the implied duty of good faith and fair dealing; (2) breached fiduciary duties owed to Pietak; (3) defamed him, violated his privacy, and/or abused legal process by falsely asserting that he committed arson and cultivated marijuana on his property; and (4) converted to its own use the policy proceeds belonging to him.

Meanwhile, in the interpleader action, Bank of America filed a motion asserting its priority claim to the entire sum deposited by State Farm, and requesting disbursement to it of that sum, less State Farm's allowable attorney fees and costs. State Farm filed a memorandum in support of Bank of America's motion and filed its own motion for an order that it be "discharged from [the] case and from all liability involving the rights and obligation of the parties to this action arising out of the facts and circumstances set forth in the Interpleader Complaint," including the funds deposited in the court.

Pietak filed no opposition to either motion. Instead, he entered into a stipulation with State Farm and Bank of America in which he agreed that the deposited funds would be disbursed to Bank of America, less State Farm's allowable attorney fees and costs. No hearing was requested on the respective motions by State Farm and Bank of America. The trial court entered an order granting the motions,[2] and State Farm dismissed the interpleader with prejudice.

State Farm then brought a motion in federal court to dismiss the federal action. It argued that, because the federal action brought by Pietak is based on the same facts and transactions as State Farm's interpleader (i.e., the validity of the insurance contract and whether Pietak is entitled to any proceeds of the policy), Pietak was required to raise his claims to the insurance proceeds in a cross-complaint in the interpleader action, and his failure to do so bars the later-filed federal action (§§ 426.10, subd. (c), 426.30, subd. (a)).[3]

Pietak responded by filing a request for relief in the instant action, pursuant to section 473, subdivision (b), in which he sought to reopen the

---

[2]Pietak objected to the form of the order proposed by State Farm, on the grounds that "it may [sic] too broadly written and might be construed to waive/release Mr. Pietak's pending federal court case against State Farm. Mr. Pietak's case involves the same factual background and context but is a breach of contract/insurance bad faith action and not an interpleader."

[3]Section 426.30, subdivision (a), provides that "Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the

case and sought leave to file a cross-complaint against State Farm. The accompanying memorandum of points and authorities stated Pietak's counsel read and interpreted a statute governing interpleader, section 386, subdivision (d),[4] to mean Pietak was not required to file a cross-complaint in the interpleader action to preserve his claims against State Farm. If his interpretation was erroneous, the memorandum argued, the mistake was excusable because the statute is "ambiguous." In fact, the memorandum stated that, when Pietak answered the interpleader, "it had already been decided" that he would pursue the filing of a complaint against State Farm in federal court to receive "a 'fresh start' with the court system." Moreover, Pietak's counsel claimed he was unfairly "ambushed" by State Farm's dismissal of the interpleader because State Farm had agreed to a later status conference, rather than announcing its intention to dismiss. Counsel was "surprised" by State Farm's motion to dismiss the federal court action because its counsel had voiced no objection to Pietak's stated intention to file an action in federal court. Finally, the memorandum urged the trial court to reject State Farm's expected opposition to the motion on the grounds that State Farm had offended equity by asserting "inconsistent legal position[s]," and that equity would be further offended if Pietak were denied a hearing on the merits of his claims against State Farm.

A declaration submitted in support of Pietak's motion by his attorney, James Ireijo, states: "I have prepared the within Memorandum Of Points And Authorities and the same is true to the best of my information and belief." Ireijo later submitted a second declaration, whose single substantive paragraph states: "I had no authority from my client to dismiss the breach of contract claims, breach of implied covenant of fair dealing and good faith, defamation, and other claims against STATE FARM by PIETAK when this case was dismissed."

While Pietak's motion was pending, State Farm's motion to dismiss the federal action was granted.

---

complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded."

Section 426.10, subdivision (c), defines "related cause of action" to mean "a cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint."

[4]Section 386, subdivision (d), provides: "A defendant named in a complaint to compel conflicting claimants to interplead and litigate their claims, or a defendant named in a cross-complaint in interpleader, may, in lieu of or in addition to any other pleading, file an answer to the complaint or cross-complaint which shall be served upon all other parties to the action and which shall contain allegations of fact as to his ownership of or other interest in the amount or property and any affirmative defenses and the relief requested. The allegations in such answer shall be deemed denied by all other parties to the action unless otherwise admitted in the pleadings."

The trial court denied Pietak's motion to reopen the interpleader action and for leave to file a cross-complaint against State Farm.[5]

DISCUSSION

I

*Mandatory Relief*

Section 473, subdivision (b), permits a party or the party's legal representative to be relieved from the consequences of a dismissal entered as a result of mistake, inadvertence, surprise, or neglect. Two aspects of subdivision (b) achieve this end. First, it provides for discretionary relief; it states the "court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." A grant of relief under this provision is a matter of trial court discretion. (*J.A.T. Entertainment, Inc. v. Reed* (1998) 62 Cal.App.4th 1485, 1491 [73 Cal.Rptr.2d 365].)

Subdivision (b) of section 473 also includes an "attorney affidavit," or "mandatory," provision. It states in pertinent part: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is [timely], is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise or neglect, vacate any . . . (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." Under the "mandatory" provision of section 473, subdivision (b), "a party is relieved from the consequences of his or her attorney's mistake, inadvertence, surprise, or neglect and relief is available regardless of whether the attorney's neglect is excusable." (*J.A.T. Entertainment, Inc. v. Reed*, *supra*, 62 Cal.App.4th at p. 1492.)

Pietak contends the trial court was required to grant relief from dismissal of the interpleader action under the mandatory portion of section 473, subdivision (b), because his failure to file his claims against State Farm was due to attorney neglect. We are not persuaded. Pietak's application for relief does not satisfy the procedural requisites of the mandatory provision.

Relief under the mandatory provision of section 473, subdivision (b), is available only when the application is accompanied by "an attorney's sworn

---

[5]The record before us contains no record of what transpired at the hearing, or on what grounds the court denied Pietak's motion.

affidavit attesting to his or her mistake, inadvertence, surprise or neglect," which resulted in a dismissal or default being taken against the attorney's client. (§ 473, subd. (b).) This indispensable admission by counsel for the moving party that his error resulted in the entry of a default or dismissal from which relief is sought is commonly referred to as an "attorney affidavit of fault." (See *Generale Bank Nederland v. Eyes of the Beholder, Ltd.* (1998) 61 Cal.App.4th 1384, 1387 [72 Cal.Rptr.2d 188]; *J.A.T. Entertainment, Inc. v. Reed, supra,* 62 Cal.App.4th at p. 1492.)

No such affidavit was filed by Pietak's attorney, Ireijo. Except for its purported avowal of the contents of the memorandum of points and authorities, Ireijo's first declaration chiefly authenticates documents filed in support of Pietak's motion. The second declaration states only that counsel lacked authority to dismiss on Pietak's behalf affirmative claims that *were not then on file in the instant proceeding.* Counsel's argument seems to be that, because he stipulated to dismissal of the interpleader action and because the result of that dismissal was his inability to pursue claims that he did not have authority not to pursue, defendant is entitled to relief. That is, counsel's inadvertence in agreeing to the dismissal of the interpleader action was the "dismissal" that resulted in his inability to pursue claims his client did not want abandoned. But neither declaration contains any sworn admission of mistake, inadvertence, surprise, or error that resulted in a dismissal of claims. At most, Ireijo has admitted he erred in proceeding in a manner that precluded him from being able to pursue claims his client expected him to pursue, which is a different matter. Pietak has not demonstrated he is entitled to relief under the mandatory provision of section 473, subdivision (b).

Pietak asserts on appeal that Ireijo "filed his Memorandum and Declaration and admitted that he erroneously, for the sake of argument, misread the interpleader statute as not requiring the filing of 'compulsory' cross-complaints," apparently believing Ireijo had *satisfied the requirement of a sworn affidavit of fault* by affirming the arguments raised in the accompanying legal memorandum. Pietak does not explain why his attorney's affirmation of the contents of a legal memorandum should be deemed adequate to satisfy the requirement of "an attorney's sworn affidavit *attesting*" to fault within the meaning of section 473, subdivision (b), and, without deciding whether the procedure employed by Ireijo may ever justify mandatory relief, we conclude relief is not justified here. The legal memorandum Ireijo prepared contains no real concession of error on his part. Indeed, the memorandum states, "Ireijo submits that this [is] not a case of neglect on his part." The memorandum argues that counsel's interpretation of section 386 was correct and suggests the decision not to file a cross-complaint in the instant matter was an intentional, strategic determination to file a "fresh" complaint on

Pietak's behalf in federal court. Absent a straightforward admission of fault by Ireijo, Pietak cannot obtain relief under the mandatory provision of section 473.[6]

## II

### Discretionary Relief

Under the discretionary portion of section 473, subdivision (b), Pietak contends the trial court abused its discretion in denying his request to reopen the interpleader so that he may file a cross-complaint against State Farm because his initial failure to do so was the result of excusable neglect.

A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse. (*Carroll v. Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 897-898 [187 Cal.Rptr. 592, 654 P.2d 775]; *Yeap v. Leake* (1997) 60 Cal.App.4th 591, 598 [70 Cal.Rptr.2d 680].) As the Supreme Court explained in *In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598 [153 Cal.Rptr. 423, 591 P.2d 911]: "Although precise definition is difficult, it is generally accepted that the appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered. [Citations.] We have said that when two or more inferences can reasonably be deduced from the facts, a reviewing court lacks power to substitute its deductions for those of the trial court." (See also *Yeap v. Leake, supra,* 60 Cal.App.4th at p. 598.)

"The burden of affirmatively demonstrating error is on the appellant. This is a general principle of appellate practice as well as an ingredient of the constitutional doctrine of reversible error." (*Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971 [33 Cal.Rptr.2d 812].) The order of the lower court is " 'presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.' " (*Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 718 [21 Cal.Rptr.2d 200, 854 P.2d 1117].) Accordingly, because the trial court's order denying defendant's motion for relief does not state its reasons, and defendant has provided no reporter's transcript of the proceedings, we presume the trial court's rejection of Pietak's motion was based on any rationale supported by the record. (See *Generale Bank Nederland v. Eyes of the Beholder, Ltd., supra,* 61 Cal.App.4th at pp. 1398-1399.)

---

[6]Having so concluded, we need not decide whether Pietak was precluded from obtaining mandatory relief because he voluntarily agreed to State Farm's dismissal of the action. (See *Huens v. Tatum* (1997) 52 Cal.App.4th 259, 265 [60 Cal.Rptr.2d 438].)

■ Initially, we find no merit in Pietak's contention he was "surprised" by State Farm's dismissal of the interpleader action. ■ The term "surprise," as used in section 473, refers to " 'some condition or situation in which a party . . . is unexpectedly placed to his injury, without any default or negligence of his own, which ordinary prudence could not have guarded against.' " (*Credit Managers Assn. v. National Independent Business Alliance* (1984) 162 Cal.App.3d 1166, 1173 [209 Cal.Rptr. 119].)

■ The record belies Pietak's claim that he was surprised by State Farm's dismissal of the interpleader. After he stipulated to disbursement of the deposited funds, Pietak received a copy of State Farm's letter to the clerk of the court requesting that its enclosed request for dismissal be filed as soon as the funds had actually been disbursed, and made no objection to the dismissal. It may be inferred the trial court concluded Pietak anticipated State Farm would dismiss the interpleader once the deposited funds had been disbursed, and that dismissal was thus not unexpected. This was a reasonable inference under the circumstances.[7]

This brings us to the crux of Pietak's contention. He argues his failure to file a cross-complaint in the interpleader action was attributable to his attorney's reasonable misinterpretation of the interpleader statute, section 386, that led him to the conclusion the filing of a cross-complaint was not compulsory.

■ An honest mistake of law is a valid ground for relief when the legal problem posed " 'is complex and debatable.' " (*McCormick v. Board of Supervisors* (1988) 198 Cal.App.3d 352, 360 [243 Cal.Rptr. 617]; *Brochtrup v. INTEP* (1987) 190 Cal.App.3d 323, 329 [235 Cal.Rptr. 390].) The controlling factors in determining whether a mistake of law is excusable are the reasonableness of the misconception and the justifiability of the failure to determine the correct law. (*McCormick, supra,* at p. 360; *Brochtrup, supra,* at p. 329.) "[W]here the court finds that the alleged mistake of law is the result of professional incompetence based upon erroneous advice [citation], general ignorance of the law or lack of knowledge of the rules [citation], or unjustifiable negligence in the discovery or research of the law, laxness or indifference [citations][,] normally relief will be denied." (*Fidelity Fed. Sav. & Loan Assn. v. Long* (1959) 175 Cal.App.2d 149, 154 [345 P.2d 568].) There is nothing in section 473 to suggest it "was intended to be a catch-all

---

[7]Although Pietak asserts in passing that "fairness and equity in this situation should surely be on the side of Pietak by this surprising event," we disregard this claim (to the extent it purports to be an assertion that equitable principles require us to set aside State Farm's dismissal) as perfunctorily asserted without indication it is intended to be a discrete contention. (*People v. Turner* (1994) 8 Cal.4th 137, 214, fn. 19 [32 Cal.Rptr.2d 762, 878 P.2d 521].)

remedy for every case of poor judgment on the part of counsel which results in dismissal." (*Huens v. Tatum, supra*, 52 Cal.App.4th at p. 264.)

■ The trial court apparently concluded that the claimed mistake of law by Pietak's counsel did not amount to excusable neglect under the circumstances presented. Pietak contends this was an abuse of discretion in light of the reasonableness of counsel's misconception and the justification for his failure to determine the correct law. We agree.

Pietak's motion for relief indicates Attorney Ireijo consulted a single statute, section 386, in deciding whether to file a cross-complaint in the interpleader action. There is no indication Ireijo also attempted to inform his decision to seek a "fresh start" in federal court with a glance at the statutes pertaining to cross-complaints in general, or those governing compulsory cross-complaints, in particular. Nor is there any indication Ireijo consulted any case authority.

Nevertheless, we cannot find fault in counsel's conclusion, from a review of section 386 alone, that he was not required to file his cross-complaint in the interpleader action. Section 426.30, subdivision (a) relating to compulsory cross-complaints begins "[e]xcept as otherwise provided by statute," and proceeds thereafter to require, except under certain circumstances, that a defendant in a civil action file related causes of action of his own by cross-complaint. But section 386 can be read to allow the filing of an answer in an interpleader action that sets forth allegations of fact as to defendant's ownership or other interest in the funds or property that are the subject of the interpleader action and affirmative defenses and a request for relief. Pietak filed an answer pleading his interest in the property and noting that he intended to pursue other claims against State Farm in federal court, an answer that could arguably be filed "in lieu of . . . any other pleading" (§ 386, subd. (d)), including a compulsory cross-complaint.

Indeed, there is a respectable body of law that suggests Pietak was actually precluded from injecting his claims into that proceeding.

■ An interpleader action is traditionally viewed as two suits: one between the stakeholder and the claimants to determine the stakeholder's right to interplead, and the other among the claimants to determine who shall receive the funds interpleaded. (*Conner v. Bank of Bakersfield* (1917) 174 Cal. 400, 402 [163 P. 353]; *Lincoln Nat. Life Ins. Co. v. Mitchell* (1974) 41 Cal.App.3d 16, 19 [115 Cal.Rptr. 723].) As against the stakeholder, claimants may raise only matters which go to whether the suit is properly one for interpleader, i.e., whether the elements of an interpleader action are present.

(*Conner v. Bank of Bakersfield, supra,* 174 Cal. at p. 403; 4 Witkin, Cal. Procedure (4th ed. 1997) Pleadings, § 228, pp. 291-292.)

In *Los Angeles v. Amidor* (1903) 140 Cal. 400 [73 P. 1049], a municipal corporation assessed parcels of land, including that of Bohrmann, for the cost of widening a street, collected $4,889.57, and paid out all but $310.74 for the construction work. In consideration of an assessment against Bohrmann of $580, he conveyed a strip of land valued at $345 and paid $235 in cash. Later it was determined the municipality was without authority for the proposed improvement and it commenced an interpleader action to determine who would receive the remaining $310.74. (*Id.* at pp. 400-401.)

Bohrman filed an answer and cross-complaint seeking return of both the land and cash conveyed to the municipality. The trial court sustained the municipality's demurrers to the cross-complaint and the Supreme Court affirmed, explaining: "The action was on its face an action of interpleader. If appellant considered the complaint insufficient as a complaint in interpleader, he should have demurred to it, and if his demurrer had been held good the action would have ended. But in such case a defendant cannot, by a counterclaim or cross-complaint, change the character of the action. [Citation.] The only relief which a defendant can have against the plaintiff in such a suit is to have the action dismissed." (*Los Angeles v. Amidor, supra,* 140 Cal. at p. 401.)

In *Conner v. Bank of Bakersfield, supra,* 174 Cal. 400, Planz drew a check for $3,799.66 on defendant bank payable to bearer, but, when plaintiff presented the check, the bank refused payment. The bank initiated an interpleader action and it was determined the plaintiff was entitled to payment. The plaintiff then filed an action to recover the lost interest and other damages resulting from the bank's delay in payment. The defendant's demurrers were sustained without leave to amend. (*Id.* at pp. 400-401.)

The Supreme Court reversed. The defendant had raised, among other things, a plea of another action pending because the interpleader action was not yet final. The court concluded this was not a valid basis for demurrer because the claim for losses occasioned by the delay in payment could not have been raised in the interpleader action. (*Conner v. Bank of Bakersfield, supra,* 174 Cal. at p. 403.) The court explained that the only relief available to the claimant against the stakeholder in the interpleader action was to have the action dismissed. (*Ibid.*)

Notwithstanding the foregoing authorities, recent decisions have involved independent claims raised by claimants against stakeholders in interpleader

actions where the merits of those claims were addressed. (See, e.g., *Pacific Loan Management Corp. v. Superior Court* (1987) 196 Cal.App.3d 1485, 1489 [242 Cal.Rptr. 547]; *Royal Ins. Co. v. Cole* (1993) 13 Cal.App.4th 880-881, 883-890 [16 Cal.Rptr.2d 660]; *National Life & Accident Ins. Co. v. Edwards* (1981) 119 Cal.App.3d 326, 329-330, 336-339 [174 Cal.Rptr. 31].) However, the propriety of including such claims in an interpleader action was not raised. Cases are not authority for propositions not considered therein. (*McKeon v. Mercy Healthcare Sacramento* (1998) 19 Cal.4th 321, 328 [79 Cal.Rptr.2d 319, 965 P.2d 1189].) Furthermore, these decisions are consistent with the notion that interpleader is a mechanism available to a stakeholder to avoid litigation over a stake to which it claims no interest. The stakeholder may simply deposit the sum and walk away from the action. However, because the remedy is for the benefit of the stakeholder, presumably the stakeholder may waive it. Thus, if a stakeholder does not object to an independent claim raised by a claimant, there is no reason to believe it cannot be considered in the interpleader action. In effect, the stakeholder has chosen to forgo the remedy and to resolve the independent claim in the same action.

Although section 386 has undergone a number of changes since the early Supreme Court decisions discussed above (see Stats. 1951, ch. 1142, § 1, p. 2911; Stats. 1970, ch. 563, § 1, p. 1136; Stats. 1975, ch. 670, § 1, p. 1462), such revisions alone do not cast doubt on the vitality of those cases.[8]

Concededly, it appears from the record Ireijo failed to research or investigate the question with sufficient care to discover the uncertainties set forth above. But had he done so, his research would only have made more severe the complexity presented by the language of section 386 alone. His failure to discover reasons for more confusion is of no moment to the issue we decide. It was reasonable for Pietak to conclude from the language of section 386 alone that he was not required to assert his claims in the interpleader action by way of cross-complaint.

State Farm contends the cases cited above are distinguishable from the present matter because in those cases the separate claims would have changed the nature of the interpleader action whereas Pietak's claims, and State Farm's defenses thereto, "were an integral part of the resolution of the Interpleader Action." However, this merely goes to whether Pietak's counsel

---

[8]We need not decide whether Pietak's claim could or must have been filed as a cross-complaint in the interpleader action. Pietak cannot be precluded from asserting such claim in this action because of the unusual procedural history of the case as it now stands before us. The federal court's judgment finding Pietak's claim a mandatory cross-complaint has been affirmed on appeal (*Pietak v. State Farm Fire & Casualty Co.* (9th Cir., Aug. 10, 1999, No. 98-15089) 1999 WL 599478 [nonpub. opn.]) and is now final and binding on these parties.

was correct in his assessment that a separate federal court action was permissible. As indicated previously, a mistake of law is a valid ground for relief when the legal problem posed " 'is complex and debatable.' " (*McCormick v. Board of Supervisors, supra*, 198 Cal.App.3d at p. 360.) Counsel need not be right; it is necessary only that the issue be debatable.

State Farm contends there was no mistake, inadvertence, surprise, or excusable neglect in this matter because Pietak's failure to file a cross-complaint was a "deliberate, strategic decision or just plain, and inexcusable neglect." According to State Farm, Pietak made a tactical decision to pursue his claim in federal rather than state court. Further, State Farm argues, it was inexcusable for Pietak's counsel to fail to consult the compulsory cross-complaint statute before making his tactical decision.

While it is certainly true that Pietak's counsel made a tactical decision to pursue his claim in federal court, this does not belie the fact such tactic was informed by a possible misinterpretation of the law. In other words, Pietak chose to abandon the state court action only because he understood the law to permit him to seek relief in federal court.

As to counsel's failure to consult the compulsory cross-complaint statute, there is no reason to believe this would have altered his thinking. As noted previously, section 426.30, subdivision (a), says: "*Except as otherwise provided by statute*, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded." (Italics added.) At the very least, it is arguable section 386 is an exception to the compulsory cross-complaint rule of section 426.30. Although, as pointed out by the federal circuit court in *Pietak v. State Farm Fire & Casualty Co., supra*, 1999 WL 599478, and *Cheiker v. Prudential Ins. Co. of America* (9th Cir. 1987) 820 F.2d 334, section 426.30 contains express exceptions that do not mention interpleader actions, those decisions did not discuss the effect of the limitation, "[e]xcept as otherwise provided by statute," also contained in section 426.30. At the very least, the provision is ambiguous in this regard. At any rate, there is no reason to believe a review of section 426.30 would have altered Pietak's thinking regarding section 386 or the requirement of filing his claims in state court. Given the state of the law on the issue, we conclude the trial court erred in concluding Pietak's error was inexcusable. Relief by way of section 473, subdivision (b), is warranted.

## Disposition

The judgment is reversed and the matter remanded to the trial court with directions to grant Pietak's section 473, subdivision (b), motion. Appellant is awarded his costs on appeal.

Davis, Acting P. J., and Morrison, J., concurred.