Filed 6/17/14  Global Asset v. Brunetti CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| GLOBAL ASSET, LLC,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANCO BRUNETTI et al.,<br><br>    Defendants and Appellants. | B249164<br><br>(Los Angeles County<br>Super. Ct. No. BC477936) |

APPEAL from an order of the Superior Court of Los Angeles County, Susan Bryant-Deason, Judge.  Affirmed.

Mauro Fiore, Jr., for Defendants and Appellants.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendants Franco Brunetti, Neda Brunetti, Jure Bulic, Dream Yoga, and The Cottage appeal from an order denying their motion for relief from default and default judgment, brought pursuant to Code of Civil Procedure section 473,[1] entered in favor of plaintiff and respondent Global Asset, LLC. Defendants contend the trial court abused its discretion in denying relief from default and default judgment on the ground that default was entered "as a result of [defense counsel's] incompetence or strategic decision." Finding no basis to conclude the trial court abused its discretion, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2012, Global Asset filed a complaint against defendants. Defendants executed a notice of acknowledgement of receipt of the summons and complaint. In April 2012, defendants filed a motion to strike portions of the complaint. Plaintiff filed an amended complaint shortly thereafter, and defendants' motion to strike was taken off calendar. Defendants' counsel refused to accept service of the amended complaint and refused to sign another notice of acknowledgement of receipt.

Plaintiff filed a request for entry of default, and the clerk entered the default on July 17, 2012. On September 5, 2012, defendants filed a notice of motion and motion to vacate default and default judgment, seeking discretionary relief under section 473, subdivision (b).[2] In his declaration in support of the motion, defendants' counsel Mauro Fiore stated "that the defaults were entered due to surprise, inadvertence, mistake and excusable neglect of their counsel under [section 473, subdivision (b)] and due to a fraud by Plaintiff[']s counsel under [section 473, subdivision (d)] thus the court may void the judgment." Fiore explained that between April 27, 2012, and July 17, 2012, he had

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

[2] The court had not yet entered a default judgment.

several conversations with plaintiff's counsel discussing service of the amended complaint. While these conversations were taking place, "it was with great surprise that Mr. Fiore received requests for entry of defaults in the mail. These defaults were done in bad faith, and with the intent of perpetrating a fraud on the court, the Defendants and their counsel." Fiore declared that plaintiff's counsel knew defendants were represented by counsel, as he had personally appeared in court on behalf of defendants on several occasions.

In late October 2012, the trial court denied the motion.[3] The court entered a default judgment against defendants on December 6, 2012.[4]

On February 7, 2013, defendants again filed a motion for relief from default and default judgment, this time including an attorney affidavit of fault by Fiore and claiming entitlement to mandatory relief under section 473. They claimed in their memorandum of points and authorities, and in the attorney affidavit of fault, that default was entered due to mistake, surprise, inadvertence, and neglect of their counsel, both excusable and inexcusable, because Fiore thought plaintiff's amended complaint needed to be personally served on defendants. Defendants repeated that "it was with great surprise" that Fiore received the request for entry of default because he had been in the midst of communicating with plaintiff's counsel regarding service of the amended complaint. Defendants emphasized that the previous motion was not based upon and did not include an attorney affidavit of fault. Attorney Fiore stated that although defendants had executed a notice and acknowledgement of receipt of the original summons and complaint, he "believed plaintiff was not acting fairly and personally and unilaterally made the decision not to have defendants execute" a notice and acknowledgement of receipt as to the amended complaint.

---

[3] The record on appeal does not contain a minute order or other notice of ruling, or a reporter's transcript of the hearing. We therefore do not know the basis for the court's ruling.

[4] The record also does not contain the default judgment.

In the motion, Fiore acknowledged that when defendants filed a motion to strike plaintiff's initial complaint on April 3, 2012, this constituted a general appearance by defendants, such that personal service of the summons and amended complaint was not thereafter required. Fiore further declared that his research had uncovered "a couple of very old cases . . . that appeared to indicate that an amended complaint could properly be served by having it delivered to the office of the attorney for a party who had made a general appearance in the action." "Mr. Fiore acknowledge[d] [his] fault in not timely researching, discovering and applying the legal authorities and principles of law referred to herein . . . . Had Mr. Fiore timely researched, discovered and applied these authorities and principles, Mr. Fiore would have timely filed a response to plaintiff's amended complaint, and neither the defaults nor the default judgment would have been entered against defendants." He "concede[d] that his fault was inexcusable. Inasmuch as ignorance of the law is no excuse even for the layperson, and everyone is held accountable for knowing the law, no matter how difficult that is on a practical level, Mr. Fiore recognize[d] that this also applie[d] to Mr. Fiore, no matter how difficult it might be to timely and thoroughly research, discover and apply all relevant legal authorities and principles." Defendants contended that relief from default was mandatory, given Fiore's acknowledgement of his inexcusable fault.

Plaintiff filed opposition to the motion for relief from default, arguing that defendants' motion for relief should be denied because (1) Fiore did not identify any substantive basis for relief, instead demonstrating only ignorance of the law coupled with negligence in ascertaining it; (2) Fiore's declaration was not a straightforward admission of fault as he also blamed plaintiff's counsel; and (3) Fiore waived his right to request further relief under section 473 by bringing the previous motion under section 473.

A hearing was held on April 4, 2013. After hearing argument, the court denied the motion, finding that relief was not warranted because "Fiore's declaration now reveals that the defaults and default judgment were entered as a result of his incompetence or strategic decision."

This appeal followed.

4

# DISCUSSION

## I.  Applicable Legal Standards

"Section 473, subdivision (b), permits a party or the party's legal representative to be relieved from the consequences of a dismissal entered as a result of mistake, inadvertence, surprise, or neglect.  Two aspects of subdivision (b) achieve this end.  First, it provides for discretionary relief; it states the 'court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.'  A grant of relief under this provision is a matter of trial court discretion.  (*J.A.T. Entertainment, Inc. v. Reed* (1998) 62 Cal.App.4th 1485, 1491.)

"Subdivision (b) of section 473 also includes an 'attorney affidavit,' or 'mandatory,' provision.  It states in pertinent part:  'Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is [timely], is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise or neglect, vacate any . . . (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect.'  Under the 'mandatory' provision of section 473, subdivision (b), 'a party is relieved from the consequences of his or her attorney's mistake, inadvertence, surprise, or neglect and relief is available regardless of whether the attorney's neglect is excusable.'  (*J.A.T. Entertainment, Inc. v. Reed*, *supra*, 62 Cal.App.4th at p. 1492.)" (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 608 (*Pietak*).)

Although these are *alternative* provisions—and were treated as such by defendants in the trial court when they moved first for discretionary relief, and when that was denied, moved for relief under the mandatory provision[5]—on appeal defendants attempt to

---

[5]  We note that at least one court has held that repeated motions under section 473 are *not* subject to the restrictions of section 1008 that subsequent applications for the same order must be based upon new or different facts, circumstances, or law, and offer a

conflate the two concepts.  They primarily cite the discretionary provision and cases discussing it, assert that Fiore's neglect was excusable, and lay the blame for the entry of default and default judgment at the feet of plaintiff's attorney.  Yet they argue that relief is available regardless of whether the attorney's neglect is excusable, and assert that under the "'attorney affidavit' provision of § 473, mandatory relief is warranted if an attorney submits an affidavit in proper form, attesting to his or her surprise, mistake or inadvertence.  [Citation.]  If the requirements of this provision are met, then relief is mandatory.  [Citations.]"

## II.  Defendants Have Forfeited Relief Under the Mandatory Provision of Section 473 on Appeal

Absent a straightforward admission of fault by their counsel, defendants cannot obtain relief under the mandatory provision of section 473.  (See *Pietak*, *supra*, 90 Cal.App.4th at pp. 608-610.)  On appeal, defendants have forfeited reliance on the mandatory relief provisions of section 473 by arguing only that the "default and default judgment [were] erroneously entered against them due to [plaintiff's] bad faith attempt to settle this matter."  They continue:  "Rather than trying to find a resolution about the method of service, Global Asset surreptitiously filed request for the entry of defaults against defendants with the intent to strong arm [d]efendants into a settlement."  They contend that "the defaults should be vacated here because the mistake of defense counsel is excusable under the circumstances.  Defense counsel made a good faith effort to resolve the issue of service with [p]laintiff's counsel.  However, in an effort to expedite a settlement, counsel for Global Asset underhandedly filed for entry of defaults against

---

satisfactory explanation for the failure to produce the evidence at an earlier time.  (See *Standard Microsystems Corp. v. Winbond Electronics Corp.* (2009) 179 Cal.App.4th 868, 891.)  More recently, this court expressly rejected that holding, in *Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2013) 215 Cal.App.4th 277, review granted July 17, 2013, S210804.  We remain of the view that subsequent motions under section 473 are not appropriate absent compliance with section 1008, which did not occur here.  We nonetheless address the merits of the order at issue in this appeal.

Defendants.  Since defense counsel was misled, he is justified in claiming that his mistake was not the result of negligence."

The stance taken by defendants on appeal is not consistent with reliance on the mandatory relief provisions of section 473.  Defendants do not discuss in their brief on appeal the content of the attorney affidavit of fault in which Fiore stated he failed to research and discover that the motion to strike he had filed on behalf of defendants constituted a general appearance.  Accordingly, we need not address whether the attorney affidavit of fault filed below met the requirements for mandatory relief because defendants have forfeited reliance on the mandatory provisions of section 473 for purposes of this appeal.  "'This court is not required to discuss or consider points which are not argued or which are not supported by citation to authorities or the record.' [Citation.]" (*Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979.)  We therefore consider only whether the trial court abused its discretion by denying defendants' second motion for relief from default and default judgment based on the *discretionary* provisions contained in section 473.

### III.  The Trial Court Did Not Abuse Its Discretion in Denying Relief

In reviewing the evidence in support of a section 473, subdivision (b) motion, the appellate court must extend all legitimate and reasonable inferences to uphold the trial court's ruling, "[t]he disposition of such a motion rests largely in the discretion of the trial court," and "it is generally accepted that the appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered." (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597-598.)  Indeed, "when two or more inferences can reasonably be deduced from the facts, a reviewing court lacks power to substitute its deductions for those of the trial court." (*Ibid.*)  Thus, "'[a] ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse.'" (*Ambrose v. Michelin North America, Inc.* (2005) 134 Cal.App.4th 1350, 1354.)

7

First, we conclude that defendants have not shown that the default and default judgment were entered as a result of plaintiff's counsel misleading defense counsel or attempting to extract an unreasonable settlement.  Indeed, our review of the emails exchanged by counsel regarding service of the amended complaint reveals that Fiore was not engaged in "a good faith effort to resolve the issue of service with [p]laintiff's counsel."  Rather, Fiore stubbornly maintained the legally erroneous position that plaintiff's counsel was required to personally serve the amended complaint on defendants.  He refused to execute a notice and acknowledgement of receipt of summons and complaint as he had done with the original complaint, saying he did not have authority to accept service.  As to personal service on defendants, Fiore said, "Try and serve them good l[u]ck."

Second, Fiore was plainly wrong in his belief that personal service of the amended complaint was required.  "It has long been the rule in California that 'a party waives any objection to the court's exercise of personal jurisdiction when the party makes a general appearance in the action.'  (*Roy v. Superior Court* (2005) 127 Cal.App.4th 337, 341 . . . ; see also *Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 52 [""'A general appearance operates as a consent to jurisdiction of the person . . . .' [Citation.]"').]  Section 1014 reads in part:  'A defendant appears in an action when the defendant answers, demurs, *files a notice of motion to strike*, files a notice of motion to transfer pursuant to Section 396b, moves for reclassification pursuant to Section 403.040, gives the plaintiff written notice of appearance, or when an attorney gives notice of appearance for the defendant. . . .'"  (*Air Machine Com SRL v. Superior Court* (2010) 186 Cal.App.4th 414, 419-420, italics added.)  Thus, by filing a motion to strike, defendants generally appeared in the action and consented to personal jurisdiction, dispensing with the requirement of service of process.**6**

---

**6**     Defendants assert that the trial court also erred by failing to consider their entitlement to relief based on section 473, subdivision (d) (setting aside default judgment void as a matter of law due to improper service).  In view of the authorities cited here, we

8

At best, Fiore's insistence that the amended complaint must be personally served on defendants was a mistake of law. Under the discretionary relief provision, an attorney's mistake of law is charged to the client and is not a ground for relief when "'the "mistake" is simply the result of professional incompetence, general ignorance of the law, or unjustifiable negligence in discovering the law . . . .' [Citation.]" (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206.) In other words, the mistake of law must be excusable. (*McCormick v. Board of Supervisors* (1988) 198 Cal.App.3d 352, 360, superseded by statute on other grounds as stated in *Torrey Hills Community Coalition v. City of San Diego* (2010) 186 Cal.App.4th 429, 441.)

"An honest mistake of law is a valid ground for relief when the legal problem posed "'is complex and debatable.'" (*McCormick v. Board of Supervisors*[, *supra*,] 198 Cal.App.3d [at p.] 360; *Brochtrup v. INTEP* (1987) 190 Cal.App.3d 323, 329.) The controlling factors in determining whether a mistake of law is excusable are the reasonableness of the misconception and the justifiability of the failure to determine the correct law. (*McCormick*, *supra*, at p. 360; *Brochtrup*, *supra*, at p. 329.) '[W]here the court finds that the alleged mistake of law is the result of professional incompetence based upon erroneous advice [citation], general ignorance of the law or lack of knowledge of the rules [citation], or unjustifiable negligence in the discovery or research of the law, laxness or indifference [citations][,] normally relief will be denied.' (*Fidelity Fed. Sav. & Loan Assn. v. Long* (1959) 175 Cal.App.2d 149, 154.)" (*Pietak*, *supra*, 90 Cal.App.4th at p. 611.)

The mistake of law at issue here was neither complex nor debatable. It was not excusable. Thus, the trial court did not abuse its discretion when it denied defendants' motion for relief from default and default judgment. Defendants did not demonstrate entitlement to relief.

---

reject the contention that the default judgment should have been set aside because defendants were not personally served with the amended complaint.

9

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EDMON, J.*

We concur:

EPSTEIN, P. J.

WILLHITE, J.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.