Filed 4/30/14  P. v. Velasquez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059939 |
| v. | (Super.Ct.No. FSB08126) |
| FELIX VELASQUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Patrick E. DuNah, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Felix Velasquez appeals from an order denying his petition for recall of his indeterminate life term, under Penal Code section 1170.126, subdivision (f).[1]  We will affirm the order.

BACKGROUND[2]

Defendant was convicted in 1995 for possession for sale of methamphetamine (Health & Saf. Code, § 11378; count 1), sale or transportation of marijuana (Health & Saf. Code, § 11360, subd. (a); count 2), and possession of a firearm following conviction of a specified violent offense (Pen. Code, former § 12021.1, subd. (a); count 3).  The jury found true the allegation that defendant was armed with a firearm in the commission of possession for sale of methamphetamine and in the commission of sale or transportation of marijuana.[3]  (Pen. Code, § 12022, subd. (c).)  The court found two prior serious or

_____

[1]  All further statutory citations refer to the Penal Code unless another code is specified.

[2]  The facts underlying defendant's conviction are not material to the issue we consider in this appeal.

[3]  The trial court minutes from the prior conviction which are contained in the record in this case do not reflect that the jury returned a true finding on the arming allegations.  We take judicial notice (Evid. Code, § 452, subd. (d)) that the jury findings contained in the record in defendant's appeal from the underlying conviction (*People v. Velasquez* (Jul. 31, 1997, E019220) [nonpub. opn.]) show that the jury found those allegations true.
        We also take judicial notice that the trial court dismissed counts 1 and 4 of the information and amended the information by interlineation to renumber the remaining counts—i.e., count 2 became count 1, count 3 became count 2, and count 5 became count 3.

2

violent felony allegations to be true, thus subjecting defendant to sentencing as a third striker.

The court sentenced defendant to terms of 25 years to life on counts 1, 2, 3, with the sentences on counts 2 and 3 to be served concurrently with the sentence on count 1. The court also imposed a term of four years for the two arming enhancements.

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act. Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the three strikes law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second-striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).) Section 1170.126, subdivision (e), provides, as pertinent here, that an inmate is not eligible for resentencing if his or her current sentence was "imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." Section 667, subdivision (e)(2)(C)(iii) provides that a third-strike defendant is not eligible for sentencing as a second-striker if "during the commission of the current offense, [he or she] . . . was armed with a firearm or deadly weapon . . . ."

On August 12, 2013, defendant filed a petition for resentencing pursuant to section 1170.126. On October 12, 2013, the trial court denied the motion, stating that defendant

3

was ineligible because of the finding that defendant was armed with a firearm in connection with the offense.

Defendant filed a timely notice of appeal.

DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We have independently examined the record and have found no arguable issues. We are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende*, at p. 441.) In reaching this conclusion, we considered whether denial of a petition filed pursuant to section 1170.126 is an appealable order.

The California Supreme Court has granted review in cases that have found that the trial court's order on a postjudgment petition pursuant to section 1170.126 is a nonappealable order. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017.) Even if we were to conclude that the order is not appealable, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 853 [Fourth Dist., Div. Two] [treating

4

appeal as petition for writ of mandate due to uncertainty in the law].) Because defendant has not asserted in this appeal that the trial court erred in denying his petition and because it is clear that defendant's current convictions with findings that he was armed with a firearm in the commission of two of the offenses render him ineligible for relief in any event, we need not reach that issue.

Defendant personally filed a supplemental brief, which we have also considered. In it, he asserts a number of claims, including ineffective assistance of his trial attorney in the underlying conviction in failing to argue that his 1980 prior conviction was not provable, and insufficiency of the evidence to prove his 1980 prior conviction. These issues are not cognizable on this appeal, which arises solely from the denial of defendant's section 1170.126 petition.

In any event, the brief does not meet defendant's burden of demonstrating error. Judgments are presumed to be correct and an appellant has the burden of providing a record which clearly demonstrates error, along with reasoned argument and citations to authority to support the assertions of error. (See *State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610 [presumption of correctness]; *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 [inadequate record]; *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522-523 [argument must be supported by argument and citation to authority].) Defendant does not say why the prior conviction cannot be proven or in what way the evidence supporting the prior conviction is deficient. Moreover, we take judicial notice that the record in *People v. Felix Velasquez*, E019220, shows that the trial court found the evidence sufficient to support a true finding, based on the submission

of documents specified in section 969b for the "purpose of establishing prima facie evidence of the fact that a person being tried for a crime or public offense under the laws of this State has been convicted" of a prior offense and on the testimony of a fingerprint expert. We presume that this evidence supports the court's findings.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

HOLLENHORST
Acting P. J.

KING
J.

6