Filed 5/30/14  Yaghobi v. Wells Fargo Bank CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| DAVID YAGHOBI, | B246200 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC479197) |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Daniel Buckley, Judge.  Affirmed.

————

Mitchell Keiter for Plaintiff and Appellant.

Kutak Rock, Jeffrey S. Gerardo, Steven M. Dailey, and Antoinette P. Hewitt for Defendant and Respondent.

————

David Yaghobi sued Wells Fargo Bank, N.A. for breach of contract and promissory estoppel. The superior court sustained Wells Fargo's demurrer without leave to amend, and Yaghobi appeals. We affirm.

BACKGROUND

This case arises out of Yaghobi's attempts to obtain a loan modification on the trust deed on real property he owned. Because we are reviewing a judgment of dismissal after the sustaining of a demurrer without leave to amend, our summary of the facts is drawn from the allegations in Yaghobi's operative pleading.

Yaghobi alleges that in 2010 he retained certain individuals and entities to assist and represent him in his loan modification efforts. The first law firm that he retained advised him to stop paying his mortgage, apparently in order to put pressure on the lender, Wells Fargo. In early 2011, Yaghobi became concerned about that approach and went to a Wells Fargo office to try "to pay his mortgage," but Wells Fargo "refused [the] payment."

A few months later, Yaghobi received notice of a trustee's sale of the property. He informed his attorney, who told him that "there was nothing else that could be done in his case and that he would have to file [b]ankruptcy."

Yaghobi then retained new counsel to file his bankruptcy petition and represent him in negotiations with Wells Fargo. The bankruptcy petition was filed on April 29 but dismissed on May 20 for failure to file necessary documents. Yaghobi's property was sold to a third party in a trustee's sale on or about June 6, 2011.

On February 16, 2012, Yaghobi filed suit against the lawyers and firms that had represented him, and also against Wells Fargo. The only cause of action alleged against Wells Fargo was for breach of contract. Yaghobi's theory was that he was a third-party beneficiary of the "Servicer Participation Agreement" (SPA) entered into by Wells Fargo as part of the Home Affordable Modification Program (HAMP) under the Emergency Economic Stabilization Act of 2008. Yaghobi sought both damages and cancellation of the sale of his property.

Wells Fargo demurred and moved to strike portions of the complaint. Among other arguments, Wells Fargo contended that borrowers are not third-party beneficiaries of SPAs under the HAMP, and Wells Fargo cited several federal district court decisions to that effect.

While the demurrer and motion to strike were pending, Yaghobi filed a first amended complaint. He named the same defendants but added three new causes of action, one of which was alleged against Wells Fargo. The breach of contract claim against Wells Fargo was unchanged—Yaghobi's sole theory was that he was a third-party beneficiary of Wells Fargo's SPA under the HAMP, and he again sought damages and cancellation of the sale of his property.

The new claim against Wells Fargo (and all other defendants) was entitled "promissory estoppel." In it, Yaghobi alleged that "[b]eginning in 2010" he contacted Wells Fargo "numerous times in attempts to [obtain] a modification of his loan," and that Wells Fargo "represented that [Yaghobi] was eligible for a HAMP modification." He alleged that he "reasonably relied" on Wells Fargo's promises "that he was eligible for a HAMP modification," and in reliance on those promises he "expended time and money [filling] out loan modification applications, gathering necessary documents and ultimately hiring purported law firms for loan modification assistance." "Despite providing all the paperwork and financial information requested of him, [Yaghobi] was never given a permanent modification plan and on June 6, 2011 [his] Subject Property was sold."

Wells Fargo again demurred and moved to strike portions of the first amended complaint. Among other arguments, Wells Fargo repeated its contention that borrowers are not third-party beneficiaries of SPAs under the HAMP. As for the promissory estoppel claim, Wells Fargo argued that Yaghobi failed to allege breach of a clear and unambiguous promise and that any reliance on the alleged promise would have been unreasonable.

The superior court sustained the demurrer without leave to amend and entered judgment dismissing the action with prejudice as to Wells Fargo. The court agreed with

3

Wells Fargo's arguments that (1) Yaghobi could not sue as a third-party beneficiary of Wells Fargo's SPA under the HAMP and (2) the first amended complaint did not allege a promise by Wells Fargo to Yaghobi that was sufficiently definite to be enforceable. Yaghobi timely appealed.

## STANDARD OF REVIEW

"'The burden of affirmatively demonstrating error is on the appellant. This is a general principle of appellate practice as well as an ingredient of the constitutional doctrine of reversible error.' [Citation.] The order of the lower court is '"presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness."' [Citation.]" (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.)

In reviewing a judgment after a demurrer was sustained without leave to amend, we "must assume the truth of the complaint's properly pleaded or implied factual allegations," and "we determine whether the complaint states facts sufficient to state a cause of action." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) If it does not, we also must determine "whether there is a reasonable possibility the plaintiff could cure the defect with an amendment," an issue on which the plaintiff bears the burden of proof. (*Ibid.*)

## DISCUSSION

On appeal, Yaghobi does not attempt to defend the sole breach of contract theory alleged in the first amended complaint, namely, that he can sue Wells Fargo as a third-party beneficiary of Wells Fargo's SPA under the HAMP. Because he has presented no argument (meritorious or otherwise) on that issue, he has not carried his burden of showing that the superior court erred by rejecting that theory.

Instead, Yaghobi argues in support of the theory identified in his first amended complaint as a promissory estoppel claim. He argues that he sufficiently alleged consideration and detrimental reliance. He does not, however, address Wells Fargo's argument, repeatedly advanced in the trial court and in Wells Fargo's respondent's brief on appeal, that the first amended complaint failed to allege a promise by Wells Fargo that

4

was sufficiently definite to be enforceable.[1]  Yaghobi therefore has not carried his burden of showing error in the trial court's ruling as to this claim either.

Finally, Yaghobi argues that he should be granted leave to amend.  But he does not identify any factual allegations that he could add by amendment to cure the defects in his claims against Wells Fargo.  He has therefore failed to carry his burden on this issue as well.

For all of the foregoing reasons, we must affirm the judgment in favor of Wells Fargo.

---

[1]  Yaghobi does argue that a promise "to postpone foreclosure" may be enforceable on a promissory estoppel theory.  But the first amended complaint does not allege that Wells Fargo promised Yaghobi that it would postpone foreclosure.  Rather, the first amended complaint alleges that under the SPA Wells Fargo was obligated to postpone foreclosure under certain circumstances.  But that relates only to Yaghobi's third-party beneficiary theory, which Yaghobi does not pursue on appeal (e.g., Yaghobi never addresses the argument that borrowers lack standing to sue as third-party beneficiaries of SPAs under the HAMP).  The only promise alleged in the first amended complaint in support of the promissory estoppel claim is Wells Fargo's alleged promise that Yaghobi "was eligible for a HAMP modification."  On appeal, Yaghobi does not argue that such a promise is sufficiently definite to be enforceable.

DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs of appeal.

<u>NOT TO BE PUBLISHED</u>.


                                            ROTHSCHILD, Acting P. J.

We concur:



CHANEY, J.



JOHNSON, J.