Filed 9/10/15  Haslerig v. Dyson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| FARRIS HASLERIG et al., | D066315 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2012-00088478-CU-PN-CTL) |
| PHILIP H. DYSON, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Randa Trapp, Judge.  Affirmed.

Jerome John Schiefelbein, Law Offices of James E. Swingley and James E. Swingley for Plaintiffs and Appellants.

Pettit Kohn Ingrassia & Lutz, Douglas A. Pettit and Matthew Charles Smith for Defendant and Respondent.

I.

INTRODUCTION

Appellants Farris Haslerig, Tammy Haslerig, Stephanie Haslerig, Kyanna Haslerig, and Kaileigh Haslerig (jointly, appellants) appeal from a judgment in favor of defendant Phillip H. Dyson entered after a jury trial. Appellants raise three challenges to the judgment. We conclude that appellants have forfeited two of their appellate contentions because they have failed to present a sufficient appellate record to enable this court to review the challenged rulings. We further conclude that appellants have failed to present a cogent appellate argument with respect to the third challenge raised. We therefore affirm the judgment.

II.

FACTUAL AND PROCEDURAL BACKGROUND

Appellants are descendants of George Haslerig, who won several million dollars in the California State Lottery in 1991. Prior to his death in 2003, George established a complex set of trusts and a limited partnership for the benefit of his family. Appellants were intended beneficiaries of these various entities under George's estate plan. Upon George's death, however, his sole surviving son, Garland, remained as the sole trustee of the various trusts and the sole general partner of the limited partnership. Garland thereafter controlled the lottery winnings and other assets that George had accumulated, and refused to make distributions or accountings to appellants, despite their requests.

Appellants hired a series of attorneys who attempted to obtain information from Garland and his attorneys regarding appellants' rights to George's estate. All of the attorneys' efforts were rebuffed. Eventually, in 2006, Appellants hired Dyson to pursue appellants' legal interests with respect to the estate, and entered into an hourly fee agreement with him. Less than a year later, after having paid Dyson approximately $6,000 in fees, appellants informed Dyson that they could no longer afford to pay him, and they asked him to stop work.

Not long after this, Dyson began receiving documents from Garland's attorneys regarding the estate. Dyson and Farris Haslerig discussed whether Dyson would be willing to represent appellants on a contingency fee basis. After considering Dyson's contingency fee proposal, appellants entered into a contingency fee agreement with Dyson. In exchange for "consultation, review, research, and litigation services related to various trusts of George Haslerig and the Estate of George Haslerig," appellants agreed that Dyson would receive a fee equal to 40 percent "of all proceeds" recovered as a result of his work.

With Dyson as their counsel, appellants filed suit against Garland and the limited partnership. Dyson and appellants entered into a third fee agreement, which involved essentially the same terms as the second fee agreement, but added two minors to the group of plaintiffs, and provided more detailed information about the entities in George's estate in which appellants were claiming an interest.

3

In 2008, after much litigation, and after appellants were successful in having Garland removed as trustee, appellants and Garland reached a settlement of all claims. The negotiated settlement provided appellants with more than half of the property that was in dispute, including real property and cash payouts. Pursuant to Dyson's fee agreement with appellants, Dyson spoke with appellants as to how he could be paid his fee. Dyson and appellants agreed to form a limited liability company (the LLC) to hold and manage the real properties that appellants received in the settlement.

At some point in 2010, appellants became unhappy with their arrangement with Dyson and no longer wanted him to be part of the LLC. Farris Haslerig demanded documents from Dyson. According to Dyson, he provided her with a "zip drive" that contained an electronic copy of appellants' file.

Two years later, in 2012, appellants voted to remove Dyson as manager of the LLC. Appellants apparently filed this lawsuit against Dyson in December 2012, and filed a first amended complaint in June 2013.[1] According to appellants, they asserted five causes of action: negligence (legal malpractice), fraudulent misrepresentation, fraudulent concealment, breach of fiduciary duty, and conversion.

The case proceeded to trial before a jury in April 2014. The jury returned a verdict in favor of Dyson on all of appellants' claims. The trial court entered judgment on the verdict on May 7, 2014. On May 22, appellants filed a document entitled "Combined

---

[1]    Neither the complaint nor the first amended complaint was designated as part of the record on appeal. We therefore take these facts from the appellants' and respondent's briefs.

Notice of Motions for NOV and Notice of Intent to File Motions for New Trial."  The record does not disclose whether, and if so, when, appellants filed supporting memoranda or declarations with respect to the motion for judgment notwithstanding the verdict or the motion for new trial and supporting documents.

The trial court denied appellants' posttrial motions, stating:

> "Plaintiffs' MOTION FOR NEW TRIAL is DENIED.
>
> "Defendant's objections to the jurors' declarations concerning communications from other jurors and the thought processes of other jurors are sustained.
>
> "The court finds no irregularity in the proceedings of the jury or adverse party.  [Citations.]  The weight of the evidence is not contrary to the findings of the jury and damages are not inadequate given the jury's verdict.
>
> "Plaintiffs' MOTON FOR JUDGMENT NOTWITHSTANDING THE VERDICT is DENIED.
>
> "The Motion is not timely.  [Citations.]
>
> "Moreover, viewing the evidence in the light most favorable to the party securing the verdict, there is substantial evidence to support the verdict.  [Citation.]"

Appellants filed a timely notice of appeal.

On appeal, appellants filed an opening brief, but did not file a reply brief in response to Dyson's respondent's brief.

5

III.

DISCUSSION

Appellants raise three broad contentions of error: (1) that the trial court erred in denying their motion for new trial; (2) that the trial court erred in denying their motion for judgment notwithstanding the verdict; and (3) that the "verdict is contrary to the evidence."[2]

We are unable to address appellants' contentions because they have failed to provide an adequate record on appeal, and/or have failed to properly identify any appellate issue for review.

A.    *The motion for new trial*

Appellants first contend that the trial court "err[ed] in denying Plaintiffs' motion for new trial."  They assert five main grounds on which they claim the trial court should have granted them a new trial.  These grounds include (1) insufficiency of the evidence to justify the verdict with regard to the negligence and breach of fiduciary duty claims; (2) the trial court "allowing irregularities in the [c]onduct of [o]pposing [c]ounsel over the

---

[2]    Appellants' entire argument with respect to the third "issue" on appeal consists of the following two sentences:

> "Appellants incorporate by reference as though set forth in full herein and for all purposes, each of its arguments made under Points of Error Nos. 1 and 2, in support of its contention that the verdict rendered by the jury is simply contrary to the evidence adduced at trial.  A proper application of Rule 3-300 and 4-200 of the California Rules of Professional Conduct require[s] that the verdict be reversed and that this matter be remanded to the trial court for further proceedings consistent with an appropriate application of said rules."

6

objection" of Appellants' counsel; (3) "[i]rregularities in the manner in which the jury misapplied or otherwise failed to follow the law"; (4) "[i]rregularities in the [p]roceedings of the jury"; and (5) "[i]nsufficiency of the [d]amages [a]warded by the [j]ury."

"[W]e review an order denying a new trial motion under the abuse of discretion standard," but "in doing so, we must review the entire record to determine independently whether there were grounds for granting the motion." (*Santillan v. Roman Catholic Bishop of Fresno* (2012) 202 Cal.App.4th 708, 733.) Appellants have failed to provide the court with the entire record of the relevant proceedings in the trial court. As a result, the record on appeal is insufficient to permit us to assess whether appellants' contentions regarding the propriety of the trial court's denial of their new trial motion have merit.

In addition to the duty to set forth, discuss, and analyze all of the evidence, it is the burden of an appellant to produce an adequate record on appeal that demonstrates that the trial court erred. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575; *Baker v. Children's Hospital Medical Center* (1989) 209 Cal.App.3d 1057, 1060.) "The [appellant] must affirmatively show error by an adequate record. [Citations.] Error is never presumed. It is incumbent on the [appellant] to make it affirmatively appear that error was committed by the trial court. [Citations.] . . . '*A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent* . . . .' " (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) In the absence of a proper record on appeal, the judgment is presumed correct and must be affirmed. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.)

7

Appellants have failed to meet their burden on appeal by failing to provide a sufficient record to permit this court to adequately review the errors that they assert. Appellants set forth multiple contentions of error on the part of the trial court with respect to the court's denial of their motion for new trial and motion for judgment notwithstanding the verdict, but they did not include in the record on appeal any of the briefs or supporting documents related to those motions, including the memorandum of points and authorities in support of the motion, their reply, declarations, or any other documents that the parties may have submitted to the trial court in connection with the motion. Although appellants included a document titled "Combined Notice of Motions for NOV and Notice of Intent to File Motions for New Trial," this document does not include any legal argument or analysis in support of the motions.[3]

The significance of the supporting papers to this court's ability to address the appellant's contentions cannot be overstated. As noted, an order denying a motion for new trial is reviewed for an abuse of discretion. However, "[a] trial court may not be held to have abused its discretion as to a particular issue which it was never asked to consider." (*Martin v. U-Haul Co. of Fresno* (1988) 204 Cal.App.3d 396, 407.)

Our inability to review the papers that were before the trial court when it ruled on appellants' new trial motion precludes us from being able to properly review the basis for

---

[3] The "Combined Notice of Motions for NOV and Notice of Intent to File Motions for New Trial" does provide a very basic summary of potential arguments the appellants apparently planned to set forth, however, it does not actually set forth any legal argument or application of the law to what occurred in this case.

the trial court's ruling.  Appellants have, therefore, failed to carry their burden of establishing prejudicial error in the trial court's ruling.  (See *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 (*Hernandez*).)

B.      *Appellants' challenge to the trial court's denial of their motion for judgment notwithstanding the verdict*

Appellants next contend that the trial court erred in failing to grant "a judgment NOV" in their favor.  Specifically, appellants contend that they were entitled to judgment in their favor: (1) on their negligence claim "because Respondent Dyson admitted in his sworn testimony to facts which constitute actionable professional negligence" (i.e., his purported failure to obtain court approval of minor's compromise for minors Karissa and Kendall Haslerig Furlough, who were both under the age of 10 at the time of the settlement); (2) as to their breach of fiduciary duty cause of action because "Respondent Dyson admitted that he had his existing clients sign two contingent fee agreements and a settlement agreement that, on their face, are detrimental to the legal and financial interest of his then-existing clients without first complying with Rule 3-300 of the California Rules of Professional Conduct"; (3) as to the breach of fiduciary duty cause of action because Dyson "admitted" that he had his clients sign an operating agreement for the LLC "by submitting for their signatures a document that purported to be a Rule 3-300 disclosure form, but which in fact failed to comply with Rule 3-300 and was thus legally ineffectual"; (4) as to the breach of fiduciary duty cause of action because Dyson charged an excessive and unconscionable fee in violation of Rule 4-200 of the California Rules of

9

Professional Conduct; (5) as to the fraudulent misrepresentation cause of action "because the evidence established fraudulent misrepresentation as a matter of law"; (6) as to the fraudulent concealment cause of action "because the evidence established fraudulent concealment as a matter of law"; and (7) as to the conversion cause of action "because the evidence established conversion as a matter of law."

The record with respect to this aspect of appellants' appellate argument suffers from the same infirmity as their challenge to the trial court's denial of their motion for new trial, i.e., the papers that appellants presumably filed in support of their motion for judgment notwithstanding the verdict are not contained in the record on appeal. It is, essentially, impossible for this court to review the correctness of a trial court's ruling on a motion when we do not have a full record of the arguments and documents that were presented to the trial court.

The trial court denied appellants' motion for judgment notwithstanding the verdict on multiple grounds, one of which was that the motion was untimely.[4] With respect to motions for judgment notwithstanding the verdict and motions for new trial, although they are often filed concurrently, different procedural time constraints apply to these two motions. (See Wegner, Fairbank, Epstein & Chernow, Cal. Practice Guide: Civil Trials & Evidence (The Rutter Group 2013) ¶ 18:37.2 ["Supporting papers on a new trial motion may be served and filed within 10 days after the notice of intent to move for new

---

[4] The trial court also provided an alternative basis for denying the motion—i.e., that there was substantial evidence to support the verdict.

10

trial [citations]. [¶] . . . CAUTION: This 10-day extension for filing and service of supporting papers does *not* apply to JNOV motions. [¶] Therefore, in the usual case where motions for JNOV and for new trial are filed together, the entire JNOV motion (notice of motion, declarations and points and authorities) must be served and filed . . . along with the usual single-page notice of intent to move for new trial!"].)

Given that the record on appeal does not include the supporting papers for appellants' motion for judgment notwithstanding the verdict, appellants have not met their burden of demonstrating that the trial court erred in concluding that the motion was untimely. We must therefore presume that the trial court's ruling was correct. (See, e.g., *Hernandez, supra,* 78 Cal.App.4th at p. 502.)

C.      *Appellant's "Point of Error No. 3"*

The third main topic heading identified in the appellants' brief is "Point of Error No. 3." Again, appellants' entire "argument" on this point consists of the following two sentences:

> "Appellants incorporate by reference as though set forth in full herein and for all purposes, each of its arguments made under Points of Error Nos. 1 and 2, in support of its contention that the verdict rendered by the jury is simply contrary to the evidence adduced at trial. A proper application of Rule 3-300 and 4-200 of the California Rules of Professional Conduct require that the verdict be reversed and that this matter be remanded to the trial court for further proceedings consistent with an appropriate application of said rules."

It appears that appellants are attempting to make an argument such as would be made on a motion for judgment notwithstanding the verdict, as opposed to an appellate

11

argument. California Rules of Court rule 8.204, sets out certain requirements for appellate briefs submitted by a party. Rule 8.204(a)(1)(B) provides that each brief must "[s]tate each point under a separate heading or subheading *summarizing the point*, and *support each point by argument* and, if possible, by citation of authority." (Italics added.) The heading here, "Point of Error No. 3," clearly does not indicate the nature of the question being presented or the point being made, and the supporting argument essentially consists of arguments "incorporate[d] by reference" from other portions of the brief—arguments in which appellants attempted to challenge the trial court's rulings on motions for which appellants' supporting papers were not provided on appeal. Issue "No. 3" raised by appellants thus fails to meet the basic requirements for appellate briefing.

Although we might otherwise presume that appellants were attempting to challenge the sufficiency of the evidence with respect to certain of the jury's determinations, the standards of review that appellants cite in their brief on appeal indicate that such a presumption would not be correct. In setting forth the applicable standards of review on appeal, the appellants offer three possible standards. First, they state that "[t]he denial of a motion for new trial is usually reviewed under an abuse of discretion standard." Next, appellants offer that "[o]n appeal, an order granting or denying a motion for judgment JNOV [sic] is reviewed under varying standards of review, as follows: (a) in the care of a purely legal issue, the JNOV ruling is reviewed de novo; (b) if the issue being considered relates to the sufficiency of the evidence, the substantial evidence rule applies; and (c) if the issue being reviewed is based upon

12

undisputed evidence, it becomes a purely legal issue, and is reviewed de novo." (Italics omitted.) Finally, the appellants state, "In construing statutes and ordinances at issue in either the JNOV motion or the new trial motion, the Court is not limited to . . . the trial court's interpretation of the statute or the evidence presented in the trial court." We provide these standards, as set forth by the appellants, to demonstrate that the issues that the appellants raise in their briefing on appeal relate *solely to the propriety of the trial court's denial of their motion for new trial and their motion for judgment notwithstanding the verdict*, and clearly are not direct challenges to the sufficiency of the evidence supporting the judgment.

As we have previously recounted, it is a fundamental rule of appellate review that a judgment or order from which an appeal is taken is presumed correct, and " ' "all intendments and presumptions are indulged in favor of its correctness." ' " (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.) It is therefore incumbent upon appellants to provide argument and legal authority to support their contentions on appeal. This burden requires more than simply asserting that the judgment or order is wrong; it requires setting forth the particular issues being raised by the party, as well as the presentation of legal argument, including the applicable standard of review, related to that party's contentions. "Issues do not have a life of their own: if they are not raised or supported by argument or citation to authority, [they are] . . . waived." (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.) It is not the appellate court's role to construct

13

theories or arguments that would undermine the judgment and defeat the presumption of correctness.

Given the state of the record and the state of appellants' briefing, we conclude that there is no basis on which it would be appropriate to reverse the verdicts of the jury or the resulting judgment of the trial court.

## IV.

## DISPOSITION

The judgment is affirmed.

 

 

_____

AARON, J.

WE CONCUR:

_____

McINTYRE, Acting P. J.

_____

O'ROURKE, J.