Filed 9/14/15  In re Roman D. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ROMAN D., a Minor. | |
| ANGELA D., | F070388 |
| Petitioner and Respondent, | (Super. Ct. No. S-1501-AT-3403) |
| v. | |
| KENNETH A., | **OPINION** |
| Objector and Appellant. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Darlene Azevedo Kelly, under appointment by the Court of Appeal, for Objector and Appellant.

Michael L. Seidman for Petitioner and Respondent.

-ooOoo-

Kenneth A. (father) appeals from the trial court's order and judgment freeing his son, Roman D. (the minor), from his custody and control under Family Code[1] section 7822, on the petition of the minor's mother, Angela D. (mother).  Father asserts

---

[1]Further statutory references are to the Family Code unless otherwise specified.

(1) the California trial court lacked personal jurisdiction based on mother's personal service of the citation on him in Idaho; (2) his due process rights were violated by the lack of adequate notice of the continued hearing date; (3) the trial court abused its discretion by failing to consider all the evidence in making its finding concerning the minor's best interest; and (4) his counsel was ineffective. We find none of these arguments persuasive.

We hold as follows: (1) Jurisdictionally, father appeared at the March 28 hearing and requested appointment of counsel. His general appearance in the action made him amenable to personal jurisdiction. (2) Father was afforded his due process rights of adequate notice and a meaningful opportunity to be heard through counsel who appeared on his behalf at each hearing. (3) Based on the undisputed facts presented in the family service investigator's report, the trial court could reasonably find it in the minor's best interest to terminate the father's parental rights. (4) Lastly, father failed to meet his burden of proving ineffective assistance of trial counsel. Based on all of the above, and below, we affirm the trial court's order and judgment freeing the minor from father's custody and control.

### *FACTS AND PROCEDURAL BACKGROUND*[2]

On December 9, 2013, mother filed a petition to declare the minor free from father's custody and control based on abandonment. According to the allegations in the petition, at the time of the minor's birth in June 2006, father left him in mother's care without provision for his identification. Except for two visits in November 2013, father had not visited or had any type of contact with the minor since 2007.

---

[2]Father has not challenged the sufficiency of the evidence supporting the trial court's factual findings, and we have not found any error requiring a prejudice analysis. Therefore, a detailed recitation of the facts underlying the abandonment petition is unnecessary. Relevant facts will be set forth as necessary in our discussion of appellate issues.

On January 14, 2014,[3] mother caused father, a resident of Idaho, to be served personally in that state with a citation requiring him to appear in the California trial court on January 24 to show cause why the minor should not be declared free from father's custody and control. Father failed to appear for the January 24 hearing, and the court ordered the hearing continued to March 28.

On March 20, family court services filed a request for a 45-day continuance to complete its investigation. Father made an appearance at the hearing on March 28. At the March 28 hearing, father confirmed that he opposed mother's petition and requested appointment of counsel. After making the appointment, the trial court continued the hearing to May 30.

On May 28, family court services filed a request for a 30-day continuance. The court granted the request at the May 30 hearing and inquired into whether father's counsel could inform father of the hearing date of July 25. Counsel confirmed he was in "regular contact" with father and would notify him of the continued hearing date.

On July 21, the family court services investigator filed a seven-page report recommending that the court grant mother's petition to free the minor from father's custody and control because the criteria for granting the petition had been met. The report included this summary of facts supporting the recommendation:

> "[F]ather had no contact with the minor for several years until November 2013 when the mother allegedly initiated the contact. Although the father reported the mother was evasive and would not return his calls, it appears that at no time did he initiate a Family Court action to establish custody and visitation. The mother has maintained the same address and contact information since 2007 and the father would have been able [to] contact the mother if he had made the effort to do so."

On July 25, at the request of minor's counsel, the trial court continued the hearing to September 12. When father failed to appear for the September 12 hearing, the court

---

[3]Further date references are to 2014 unless otherwise specified.

3.

questioned his counsel about his absence. Father's counsel took responsibility for father's absence, explaining to the court that he had advised father not to travel from Idaho to attend the hearing in California because he was planning to request another continuance to give minor's counsel an opportunity to interview father.

In response to counsel's explanation for father's absence at the September 12 hearing, the court pointed out that "statutory language … makes it clear that these cases are to move with almost the same promptness as a criminal case, with the same priorities given to it" and admonished father's counsel that the court did not find it appropriate for him to advise father not to appear at the hearing or to presume that a continuance would be granted "so that one of the attorneys can do a little bit more legal work which is not statutorily mandated." The court concluded: "I don't think the court could proceed at this point with [father's counsel] having made the tactical decision—I don't think he made it in bad faith. It is easy for me to guess, an attorney is trying to accommodate a client out of state.… [¶] Don't do it, again."

After the trial court ordered the hearing continued to October 17, the following exchange occurred:

> "[THE COURT:] And [of] course, [father's counsel], please make sure you have your client here. Request of the court is always an order.
>
> "[FATHER'S COUNSEL]: Yes, Your Honor.
>
> "[MOTHER'S COUNSEL]: Just to be clear, we proceed whether or not at that time the citee appears?
>
> "THE COURT: Unless there is good cause. [¶] Technically, I think there is good cause for continuance right now because [father's counsel] advised his client. I admonished [father's counsel] not to do that, again, and he has no problem with that. And he will do his best to get his client here. If the plane crashes on its way here or health problems, then we'll have to deal with that."

On October 17, father failed to appear for the continued hearing and his counsel requested another continuance. Regarding father's absence, counsel stated: "We had

4.

spoken to [father] yesterday to make sure that he was going to be here today. He stated that he was not going to be able to make it."

After ascertaining that the other parties opposed further continuation of the abandonment proceeding, the trial court denied the request for a continuance. Before denying the request, the court briefly summarized the history of the continued hearings in the case. The court observed that, although father's counsel "has always been here," father had only appeared once in a nine-month period. The court concluded: "[F]rom the representations of counsel, I don't find good cause at this point as to why, after these continuances, … [father] has not appeared, and I don't find there's good cause to continue it beyond today's date." The court further found father's failure to appear was "willful" and observed that, although father's absence placed his counsel in a difficult situation, it was "not a situation that [counsel] made."

After hearing mother's testimony and oral argument, the court granted mother's petition, stating:

> "I do find [mother's] testimony credible on the issue of contact. She has not thwarted [father's] visitation. When you have a child that is this age, who, during these proceedings, has turned eight and only has one memory of a visit with his father which was arranged just a few weeks before the visitation starts and there's been no support, I find her testimony credible. Father has clearly abandoned the child. And the Court will grant the Petition. The evidence is clear and convincing that he has done so. I think it is in the best interest of the child to grant the Petition. So I will do so."

On October 30, father filed a notice of appeal from the order and judgment declaring the minor free from his parental custody and control.

## DISCUSSION

### I.  Personal jurisdiction

Father complains the trial court did not acquire personal jurisdiction over him when mother caused him to be served personally with the citation in Idaho. We reject

father's challenge to the court's exercise of personal jurisdiction over him because it was forfeited by his general appearance in the abandonment proceeding.

The exercise of personal jurisdiction is ultimately limited by substantive and procedural due process concerns. The forum court must have an adequate basis for the exercise of personal jurisdiction. (*Burnham v. Superior Court* (1990) 495 U.S. 604, 609; *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1227.) Traditional notions of fair play and substantial justice permit the exercise of personal jurisdiction on the basis of one of the following: (1) physical presence in the forum state when personally served with process; (2) domicile in the forum state at the time suit is commenced; (3) consent to the exercise of personal jurisdiction; or (4) minimum contacts with the forum state. (*Burnham, supra,* at pp. 609-611; *Muckle v. Superior Court* (2002) 102 Cal.App.4th 218, 226.)

Where a person makes a general appearance, such appearance operates as a consent to jurisdiction of his person. A general appearance occurs when a defendant takes part in the action or in some manner recognizes the authority of the court to proceed. (*In re Vanessa Q.* (2010) 187 Cal.App.4th 128, 135.) Here, father appeared at the March 28 hearing and confirmed he was opposed to mother's petition and requested appointment of counsel. He made a general appearance and cannot now complain. The failure to make a motion to quash prior to making a general appearance constitutes a waiver of the issue of lack of personal jurisdiction. (Code Civ. Proc., § 418.10, subd. (e)(3).)

We are not persuaded by father's assertion that his general appearance should not be treated as such because, according to him, it was induced by a misrepresentation made in a certified letter from family court services, which he told the trial court he received just two days before the March 28 hearing. Even assuming the letter (which is not part of the record on appeal) contained legally inaccurate or misleading statements regarding the court's jurisdiction or authority to proceed in the matter, the legal authorities father cites

6.

fail to support his argument that principles of justice and fairness required the court to decline to exercise any jurisdiction it acquired over him by virtue of his general appearance.

Father's authorities simply stand for the proposition that a California trial court *may* refuse to exercise jurisdiction over a defendant if the basis for that jurisdiction was fraudulently obtained by a plaintiff, the rationale being that a plaintiff should not be allowed to profit or gain advantage from the use of fraud. (*Titus v. Superior Court* (1972) 23 Cal.App.3d 792, 798; see also 2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 125, pp. 705-706.)

Father does not contend that the basis for the court's jurisdiction here, i.e., his general appearance, was fraudulently obtained by mother. And he cites no authority supporting his claim that the court erred by failing to refuse to exercise jurisdiction over him because his appearance was obtained by a misrepresentation made by family court services, a neutral *nonparty* tasked with the responsibility of investigating the allegations underlying mother's abandonment petition. The rationale discussed in the authorities father cites simply does not apply.

## II.     *Due process*

Next, father contends his due process rights to notice and a meaningful opportunity to be heard were violated because he received fewer than 24 hours' notice of the October 17 hearing. Father asserts the unreasonably short notice denied him the opportunity to participate in the trial on mother's abandonment petition. Father's contention is unpersuasive and unsupported by the record.

"Because parents enjoy a fundamental liberty interest in the care, custody and control of their children, a parent must be afforded adequate notice and a meaningful opportunity to be heard before being deprived of his parental interest." (*In re Axsana S.* (2000) 78 Cal.App.4th 262, 269.) A parent does not have a due process right to be present personally at a proceeding in which parental rights are adjudicated. (*Id.* at

pp. 268-271.) If an absent parent is represented by appointed counsel, the parent is deemed to have "received meaningful access to the courts ...." (*Id.* at p. 269.) "[P]ersonal appearance by a party is not essential; appearance by an attorney is sufficient and equally effective. [Citations.]" (*Ibid.*) "Because [father] had appointed counsel present to represent his interests ..., he was afforded the requisite due process right of a parent to be heard." (*Id.* at p. 271.)

Here, father was afforded the requisite due process rights of adequate notice and a meaningful opportunity to be heard through his counsel who appeared on father's behalf at each of the continued hearings following counsel's appointment on March 28, which, as already mentioned, was the only occasion father ever appeared in the proceedings below. The record is devoid of evidence showing that counsel failed to notify father of any of the continued hearing dates or showing he provided father with such short notice it prevented him from attending any hearing in which he wished to participate in person.

Contrary to father's assertions, counsel's statements regarding father's absence at the October 17 hearing fail to demonstrate that father received fewer than 24 hours' notice of the hearing. Father's counsel simply indicated that, when he contacted father the day before the hearing to "make sure" father was going to be there, father replied he was not going to be able to make it. Far from suggesting this was the first time father was notified of the October 17 hearing, counsel's statements strongly implied father had previously been notified of the hearing, and counsel contacted father the day before simply to *confirm* that he was going to show up. It would be nonsensical for counsel to say he contacted father to *make sure* he was going to attend a hearing of which he had no other notice.

Father is correct that the record does not contain evidence demonstrating precisely when or by what means counsel provided him with notice of any of the continued hearing dates. The record also contains no evidence explaining father's reported inability to make it to the hearing. However, the record's silence on these issues does not compel us

to accept father's assertion that counsel failed to notify him of the continued hearing dates or that his absence at the October 17 hearing resulted from inadequate notice of the continued hearing date.

"'The burden of affirmatively demonstrating error is on the appellant.'" (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.) "[W]here the record is silent the reviewing court will indulge all reasonable inferences in support of the judgment." (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.) This means an appellant must do more than assert error; he "must present an adequate argument including citations to supporting authorities and to relevant portions of the record." (*Ibid.*) Father has not met this burden here.

## III. *Minor's best interest*

"Trial court findings in support of a judgment terminating parental rights under Family Code section 7800 et seq. are subject to substantial evidence review on appeal [citation], as are virtually all factual disputes resolved by the trial court." (*In re Marriage of Jackson* (2006) 136 Cal.App.4th 980, 991, fn. 8.)

Father does not challenge the sufficiency of the evidence supporting the trial court's express finding that it was in the minor's best interest to grant mother's petition to free him from father's custody and control. Instead, father argues the substantial evidence test is inapplicable because the court failed to exercise its discretion properly by failing to consider all the evidence pertinent to the issue.

According to father, the trial court failed specifically to consider evidence of "mother's cancer diagnosis" and "the very real risk that [the minor] could be orphaned." Father thus argues the judgment should be reversed and remanded for "the trial court to determine [the minor's] best interests in light of all of the available evidence concerning the benefits and detriments to him of the loss of a father." Father's argument is not sufficiently supported by the record.

9.

Father's factual assertions regarding mother's "cancer diagnosis" rest on a few isolated sentences taken from the July 21 report filed by the family court services investigator. Specifically, the report states:

> "[Mother] was diagnosed with cancer several years ago which is currently in remission."

> "[Father] … believes [mother] wants to ensure the minor would remain in the care of her parents in the event she is not able to provide care due to her medical condition."

> "[Mother] reported filing this abandonment petition to give her reassurance the minor would remain in the care of her family in the event she would be unable to care for him due to her cancer diagnosis."

Assuming mother's cancer diagnosis was a valid factor for the court to consider in determining the minor's best interest, father has not shown the court failed to consider it. The fact that mother was diagnosed with an unspecified cancer several years before she brought the abandonment proceeding was before the court in the investigator's report. Nothing in the record indicates the court failed to read the report or consider all the facts contained in the report in making its findings regarding the minor's best interest.

The record also fails to support father's suggestion that the minor faced a higher-than-average risk of being orphaned during childhood due to mother's past cancer diagnosis. Ignoring or overlooking the reported fact that mother's cancer was *currently in remission*, father baldly asserts: "Mother *has* cancer, and had had for several years at the time she filed this petition.… Her health presents the very real possibility that she could die, leaving [the minor] with no parent at all. This possibility was in fact the reason mother actually brought this proceeding." (Italics added.)

Mother's reported reason for initiating the abandonment proceeding did not establish that her cancer diagnosis currently posed an imminent threat of death or even that the possibility of death was her exclusive motive for bringing the petition. It is true mother reportedly desired the minor to remain in her family's care in the event her cancer

diagnosis rendered her *unable to care for him*. But the uncontradicted reasons she gave for wishing the minor to remain with her parents under such circumstances actually provided evidentiary support for the court's best-interest finding. After noting mother's desire for the minor to remain with her family, the report provided this explanation: "[Mother] describes the minor as having a *significant bond with the maternal grandparents and uncle as she and the minor have lived with the grandparents since the minor was six months of age*. She believes the father to be a safety risk and does not want there to be any chance of the minor being placed in his custody." (Italics added.)

As previously mentioned, father does not challenge the sufficiency of the evidence supporting the trial court's factual findings. Based on the undisputed facts presented in the family service investigator's report, the trial court here could reasonably find the reasons underlying mother's desire for the minor to remain in her family's care in the event of her death or incapacitation due to her past cancer diagnosis supported a finding that it was in the minor's best interest to terminate father's parental rights in order to ensure the minor would be cared for by devoted grandparents, in whose home he has lived since he was six months old, instead of exposing him to the risk of custody reverting to an absentee parent who lived in a different state and had had no contact with the minor for most of his life.

## IV.    *Ineffective assistance of counsel*

Invoking his first two contentions on appeal, father lastly contends his counsel provided him with prejudicially ineffective assistance in the abandonment proceeding below (1) by failing to challenge the trial court's exercise of personal jurisdiction over father based on the out-of-state service of the citation and (2) by failing "to provide father with actual, reasonable notice of the trial dates, instead of the [fewer] than 24 hours' notice which counsel actually provided, so that father could attend and participate in the proceedings, particularly the trial on October 17." Father's claim fails because father cannot meet his burden of demonstrating that counsel rendered ineffective assistance.

11.

A defendant has the burden of proving ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of trial counsel, a defendant must establish not only deficient performance, which is performance below an objective standard of reasonableness, but also prejudice. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Tactical errors are generally not deemed reversible. Counsel's decisionmaking is evaluated in the context of the available facts. To the extent the record fails to disclose why counsel acted or failed to act in the manner challenged, appellate courts will affirm the judgment unless counsel was asked for an explanation and failed to provide one or unless there simply could be no satisfactory explanation. Prejudice must be affirmatively proved. The record must affirmatively demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (*People v. Maury* (2003) 30 Cal.4th 342, 389.) Attorneys are not expected to engage in tactics or to file motions that are futile. (*Id.* at p. 390; also see *People v. Mendoza* (2000) 24 Cal.4th 130, 166.)

Father's first ground for claiming ineffective assistance rests on the premise that the trial court could only render a judgment on mother's abandonment petition if it first acquired personal jurisdiction over father. But father has cited no authority supporting this premise. Nor does it appear from the governing statutes that a court's jurisdiction to declare a child free from a parent's custody and control depends on whether the parent is personally subject to the court's jurisdiction.

The governing statutes provide:

"[A] proceeding to declare a child free from parental custody and control pursuant to this part shall be set for hearing not more than 45 days after the filing of the petition. *If, at the time set for hearing, or at any continuance thereof, service has been completed and no interested person appears to contest, the court may issue an order based on the verified pleadings and any other evidence as may be submitted.* If any interested person appears to contest the matter, the court shall set the matter for trial. The matter so set

12.

has precedence over all other civil matters on the date set for trial."
(§ 7870, subd. (b), italics added.)

"*An order and judgment* of the court declaring a child free from the custody and control of a parent … *is conclusive and binding*" on a parent who "*[has] been served with [a] citation[]* … as provided in this part." (§ 7894, subd. (a), italics added.)[4] "After making the order and judgment, the court has no power to set aside, change, or modify it." (*Id.*, subd. (b).)

In light of these statutory provisions, father's counsel could reasonably have decided it would be pointless to challenge the trial court's exercise of personal jurisdiction over father because father's general appearance and consent to personal jurisdiction were necessary to preserve his opposition to mother's petition and participate in the abandonment proceeding. Father's argument on appeal incorrectly assumes that father could unilaterally have prevented the court from ever issuing an order and judgment declaring the minor free from his custody and control, based on the unrefuted evidence he abandoned the minor, by simply staying in Idaho or otherwise avoiding any contact with California for as long as he wished. Not only is father's argument unsupported by the governing statutes set forth above, it is also inconsistent with the express "public policy of this state that judicial proceedings to declare a child free from

_____

[4]This case does not involve an issue of defective service of process. In causing father to be served personally in Idaho on January 14 with the citation notifying him of the abandonment proceeding originally set to be heard 10 days later on January 24, mother served father in compliance with the applicable statutes. (See §§ 7880 [citation requiring attendance at hearing] & 7881 [service of citation on parents or relatives]; see also Code Civ. Proc., § 415.50 [service outside state; completion of service].) Once service was thus completed on father, the trial court was statutorily authorized to issue a binding order and judgment on mother's petition at the time of the original hearing, in the event father failed to appear to contest. (§§ 7870, subd. (b), 7894, subd. (a).) Although father failed to appear at the original hearing, the hearing was continued to March 28, at which time father made a general appearance to contest mother's petition and the court appointed him counsel, who diligently appeared on his client's behalf at all the hearings thereafter.

parental custody and control shall be *fully determined as expeditiously as possible*."
(§ 7870, subd. (a), italics added.)

Father's second ground for claiming ineffective assistance requires minimal discussion since, as already discussed above, the record is devoid of evidence that counsel failed to give father notice of, or gave father inadequate notice preventing his personal participation in, any of the continued hearings in this case. Father has thus failed to meet his burden of affirmatively demonstrating that his counsel rendered ineffective assistance by failing to provide him with timely notice of the continued hearings, including the October 17 hearing resulting in the challenged order and judgment in this case.

## ***DISPOSITION***

The order and judgment freeing the minor from father's custody and control under section 7822 are affirmed.

_____
Smith, J.

WE CONCUR:

_____
Hill, P.J.

_____
Kane, J.