Filed 2/9/21  Etame v. Ermel CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MARTIAL ETAME, | B303939 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC679337) |
| v. | |
| WOLFRAM ERMEL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Patricia Nieto, Judge.  Dismissed.

Wolfram Ermel, in pro. per. for Defendant and Appellant.

Martial Etame, in pro. per. for Plaintiff and Respondent.

_____

Wolfram Ermel appeals from the denial of his motion to vacate the default judgment entered against him. We dismiss Ermel's appeal because it is untimely. Moreover, Ermel has failed to specify any grounds entitling him to relief.

**PROCEDURAL BACKGROUND**

On October 12, 2017, Martial Etame filed a complaint against Ermel alleging causes of action for breach of contract, fraud, and conversion. The complaint alleged Ermel and Etame formed a business buying, selling, and restoring cars but the friends had a falling out in August 2017. Etame alleged Ermel then unlawfully converted five cars owned by Etame that were stored on Ermel's property. Both Etame and Ermel were self-represented. Ermel filed a responsive pleading to the complaint on November 22, 2017, but thereafter failed to appear for a case management conference and two order to show cause hearings without excuse. As a result, the trial court struck his answer on October 30, 2018.

The court entered default against Ermel on January 28, 2019, but denied Etame's application for default judgment because he failed to properly plead specific damages. The order specified the default would be effectively vacated if an amended complaint were to be filed because it would allow Ermel an opportunity to submit a responsive pleading. Etame filed a first amended complaint alleging a cause of action for fraud and specifying damages of $380,000. Ermel failed to respond and a default was entered on the first amended complaint. Etame's subsequent application for default judgment proved damages totaling $342,000 for the value of the cars and parts in Ermel's possession. On June 17, 2019, the trial court entered a default judgment against Ermel for $342,000.

On November 6 and 18, 2019, Ermel filed two sets of papers to set aside or vacate the default judgment. Etame opposed. The trial court observed the papers filed by Ermel were disorganized and confusing, clearly violated the length requirements set out in rule 3.1113 of the California Rules of Court, contained numerous extraneous requests, and were interspersed with irrelevant evidence, commentary, and statutes. Noting that parsing the papers for properly raised evidence and arguments was "beyond what the Court is obligated to do," the trial court nevertheless provided a thorough analysis of the issues raised by Ermel in a five-page, single-spaced order. After an extensive review of the proceedings, the trial court found Ermel "clearly had notice of the suit and the hearings that led to his dismissal, and simply chose to stop participating in misguided protest." Further, Ermel filed the motion to vacate over five months after the default was taken. He provided no explanation for the delay. The trial court concluded there was no basis on which Ermel could obtain relief from default. On January 10, 2020, it denied the motion to vacate, and Ermel appealed on January 23, 2020.

## DISCUSSION

### I.    Ermel's Notice of Appeal Was Untimely

Etame moved to dismiss Ermel's notice of appeal, arguing it was untimely because it was filed more than 60 days from the time the notice of entry of judgment was served on him. (Cal. Rules of Court, rule 8.104(a)(1)(B).) Etame's motion failed to take into account Ermel's motion to vacate the judgment, which extends the time to file an appeal. (Cal. Rules of Court, rule 8.108(c).)

3

Rule 8.108(c) of the California Rules of Court provides: "If, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move—or a valid motion—to vacate the judgment, the time to appeal from the judgment is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move—or motion—is filed; or [¶] (3) 180 days after entry of judgment."

By our calculation, Ermel was required to appeal from the trial court's denial of his motion to vacate by the earliest of: February 10, 2020 (30 days after the January 10, 2020 denial order was served),[1] February 4, 2020 (90 days after the November 6, 2019 motion to vacate was filed), or December 16, 2019 (180 days after entry of the June 17, 2019 judgment). Ermel's January 23, 2020 notice of appeal was untimely because it was filed over one month after December 16, 2019. Thus, we are required to dismiss Ermel's appeal. (Cal. Rules of Court, rule 8.104(b) ["If a notice of appeal is filed late, the reviewing court must dismiss the appeal."].)

---

[1] The trial court ordered Etame to give notice of the order denying the motion to vacate. The record does not disclose when Etame served Ermel. However, it is clear Ermel received notice of the order because he filed a notice of appeal shortly after the order was entered. In any event, the specific date of service does not change our conclusion that Ermel's notice of appeal was untimely because it was filed over one month after the earliest deadline under California Rules of Court, rule 8.108(c).

## II. Ermel Failed to Demonstrate Error

In any case, Ermel has failed to meet his burden to demonstrate reversible error. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610 (*Pietak*).) A Court of Appeal presumes the trial court's judgment or order is correct. (*Ibid*.) The appellant must overcome this presumption and demonstrate reversible error. (*Ibid*.) "[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287.) "We are not bound to develop appellants' arguments for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *Opdyk v. California Horse Racing Bd*. (1995) 34 Cal.App.4th 1826, 1830–1831, fn. 4.) "When an appellant fails to raise a point or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785; *Loranger v. Jones* (2010) 184 Cal.App.4th 847, 858, fn. 9.) These requirements apply equally to appellants who represent themselves on appeal. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522–523.)

On appeal, Ermel's briefs suffer from far greater deficiencies than those noted by the trial court about his motion to vacate. Indeed, we cannot discern from Ermel's lengthy opening brief any cogent argument related to the order denying the motion to vacate. It appears the bulk of his brief is devoted to refuting the damages claimed by Etame, arguing extraneous points, and summarizing the proceedings contained in the three-

5

volume clerk's transcript.[2] We thus treat Ermel's arguments, such as they are, as waived.

## DISPOSITION

Ermel's appeal, filed January 23, 2020, is dismissed.


BIGELOW, P. J.


We Concur:



GRIMES, J.



STRATTON, J.

---

[2] On October 27, 2020, Ermel sought permission to file a seven-page "cover letter" to the reply brief describing deficiencies in the respondent's brief and including various color photographs of the cars in question. We deny Ermel permission to file the cover letter and photographs.