Filed 11/25/24  Thomas v. Goodwill Industries CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CAROL THOMAS,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>GOODWILL INDUSTRIES,<br><br>        Defendant and Respondent. | A169116<br><br>(San Mateo County<br>Super. Ct. No. 23CIV00958) |

Plaintiff Carol Thomas appeals from a judgment of dismissal entered after the trial court sustained a demurrer to her complaint with leave to amend and she failed to amend.  We will affirm the judgment.

## I.  FACTS AND PROCEDURAL HISTORY

Thomas filed an unverified pro se complaint against defendant and respondent Goodwill Industries (Goodwill) in March 2023.  She used a Judicial Council form designed for personal injury, property damage, and wrongful death claims, a Judicial Council form for contract claims, and a breach of contract attachment.  In a handwritten attachment, she alleged that she was bringing a "discrimination complaint" based on the fact that she is "an African American female" and in March 2022 two "white female employees" made a "false 911 call" to the South San Francisco police department to have her escorted from Goodwill's property.  Thomas further

1

alleged that in May 2022 she was "banned from the property and all Chap[ter] 7 Goodwill stores."

Goodwill filed a demurrer, alleging that the complaint failed to state a cause of action. Thomas did not file a memorandum of points and authorities in opposition. The trial court sustained the demurrer, explaining that the complaint did not sufficiently plead the elements of breach of contract, was unclear as to the legal theory Thomas was pursuing for her discrimination claim, and did not allege the elements of a discrimination claim under Civil Code sections 51.7 and 52, subdivision (b). The court granted Thomas 30 days—until July 21, 2023—to file an amended complaint and cure the defects in the pleading.

Thomas did not file an amended complaint. Instead, on June 28, 2023, she filed a document titled "Plaintiff's Motion for Summary Judgment" with a purported hearing date of August 23, 2023. The document did not cite to any evidence, although Thomas later filed a "Declaration," not sworn under penalty of perjury, in which she made assertions of fact and law.

On July 31, 2023, the trial court struck Thomas's motion for summary judgment, explaining that there was no operative complaint or answer on which a summary judgment motion could be based.

Meanwhile, Goodwill filed a motion to dismiss the action on the ground that Thomas failed to file an amended complaint by the deadline. Thomas did not oppose the motion.

On September 20, 2023, the trial court granted Goodwill's motion to dismiss and entered a judgment of dismissal. The court observed: "A court may dismiss a complaint to which a demurrer has been sustained with leave to amend upon the motion of any party when the plaintiff has failed to amend

2

within the time allotted.  (Code of Civ. Proc., § 581, subd. (f)(2).)"  Thomas timely appealed.

## II.  <u>DISCUSSION</u>

We presume that a judgment of dismissal is correct.  (*State Farm Fire & Cas. Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.)  As the appellant, Thomas has the burden of overcoming that presumption by establishing reversible error based on the appellate record.  (*Ibid*.)  As a self-represented litigant, she is subject to the same rules and standards as other litigants and attorneys.  (*County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444; *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

Thomas's opening brief does not contain citations to the appellate record for most of her assertions.  Nor does it contain citations to legal authority relevant to this appeal.  We may therefore consider her arguments waived and reject her appeal on that ground alone.  (Cal. Rules of Court, rule 8.204(a)(1)(C); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247; *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522–523.)

Even giving full consideration to the arguments in her opening brief, we conclude that Thomas has not demonstrated error.  She fails to establish that the demurrer should not have been sustained, she does not dispute that she failed to file an amended complaint, and she does not refute the court's conclusion to dismiss the action.

The arguments she does make are unpersuasive.  Apparently challenging the order sustaining Goodwill's demurrer, Thomas asserts that she "met her burden of identifying evidence with reasonable particularity in support of her allegations" and claims that she was deprived of "any opportunity to meaningfully respond."  She contends generally that she was the victim of unlawful discrimination.  Her conclusory assertions are

unavailing, however, because they lack supporting argument, citation to allegations in the complaint, any explanation why the facts alleged meet the elements for a cause of action, or legal authority. The June 2023 order sustaining the demurrer had cited case law and statutes and explained how the complaint might be amended to state a claim, but Thomas provides no rebuttal to the court's explanation. Furthermore, Thomas did not file an opposition to the demurrer in the trial court, and there is no indication in the record that she was precluded from doing so.

Turning to the dismissal, Thomas argues that "[t]he Presiding Judge did not cite any Applicable Authority when she dismissed the case based on a demurrer regarding a First Amended Complaint." To the contrary, the September 2023 judgment of dismissal cites to Code of Civil Procedure section 581, subdivision (f)(2), and explains the court's authority under that statute to dismiss a complaint where a plaintiff fails to timely amend a complaint to which a demurrer was sustained.

Thomas further suggests that the trial court erred in striking her motion for summary judgment. However, as the court stated in striking the motion, there was no operative complaint on which to bring a summary judgment motion because Goodwill's demurrer had been sustained and Thomas had not filed an amended complaint. Although Thomas claims that she filed the summary judgment motion after Goodwill "answered the Complaint," the appellate record is to the contrary. Furthermore, despite Thomas's contention that she filed the documents necessary for a summary judgment motion under Code of Civil Procedure section 437c, the record does not show that she filed the required separate statement of undisputed facts or notice of motion. (Code Civ. Proc., § 437c, subds. (a)(2), (b)(1).) Thomas has not demonstrated error.

4

## III. DISPOSITION

The judgment is affirmed.


CHOU, J.


We concur.


JACKSON, P.J.


SIMONS, J.


(A169116 – *Thomas v. Goodwill Industries*)

5